CHRISTOPHER M. TRYON[1] & others[2] *vs*. CITY OF LOWELL.

No. 89-P-728.

Middlesex. November 15, 1990. - January 18, 1991.

Present: KASS, KAPLAN, & IRELAND, JJ.

*Massachusetts Tort Claims Act. Negligence*, Duty to prevent harm; One owning or controlling real estate; Municipality; Railroad: child on track; Public employee. *Municipal Corporations*, Liability for tort, Duty to prevent harm, Officers and employees. *Practice, Civil*, Summary judgment.

In an action against a city on behalf of a twelve year old boy who had been struck by a train, on the theory that the city had been negligent in failing to maintain a fence it had erected between the boy's school and the railroad tracks, allowance of the city's motion for summary judgment was error, where genuine issues of material fact were presented as to whether the city was aware of a hole in the fence, how long the hole had existed, whether the city was aware of the hazard to students, whether the plaintiff had been warned away from the tracks, whether he had played "chicken" although well aware of the danger, and what conduct could be expected of school children of his age if they had been warned of danger [722-723; 724-725]; and where, once the fence was erected, the city had a duty to continue to maintain it, and its failure to meet that duty was not a discretionary function within the exemption contained in G. L. c. 258, § 10(*b*), from liability under the Massachusetts Tort Claims Act [723-724].

CIVIL ACTION commenced in the Superior Court Department on December 7, 1983.

The case was heard by *Wendie I. Gershengorn*, J., on a motion for summary judgment.

*Robert W. Casby* for the plaintiffs.

*David J. Fenton*, Assistant City Solicitor, for the defendant.

---

[1]This action is brought by his father and next friend, William M. Tryon.
[2]William M. Tryon and Mary E. Tryon.

IRELAND, J. This is an appeal from a judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974), in favor of the defendant, the city of Lowell (city),[3] based on a conclusion that the city was not liable for its failure to maintain a fence on city property. We think that the record before the judge presented genuine issues of material fact to be resolved concerning the city's duty to maintain the fence. The Superior Court judge based her decision on three grounds: (1) the city had no duty of care to the plaintiff, because he was injured on a railroad track, not city property; (2) the city had no special duty of care to the plaintiff beyond that which it owed to the public generally; and (3) the failure of the city to maintain the fence fell within the discretionary function exception of the Massachusetts Tort Claims Act. See G. L. c. 258, § 10(*b*). We come to different conclusions on these points and reverse the judgment.

The record, properly developed, before the motion judge is as follows. On March 18, 1983, twelve year old Christopher Tryon, a student at the Joseph Pyne School, Lowell, was struck by a freight train as he walked alongside the Boston and Maine railroad tracks abutting school property. He was on his way to school and intended to enter the school property, as he and other students had done in the past, by going through a hole in a fence the city had erected in the early 1960's, which separated the school from the railroad tracks. Tryon suffered severe injuries and disfigurement as a result of his being struck by a train. Through his father as next friend, Tryon brought an action in Superior Court alleging that the Boston and Maine Corporation negligently caused his injuries. In an amended complaint, Tryon added the city as a defendant pursuant to the Massachusetts Tort Claims Act, G. L. c. 258, § 2, under the theory that the city had been negligent in failing to maintain the fence it had erected. Had the fence been maintained, the complaint alleged, Tryon

---

[3]The Boston and Maine Corporation was also named in the complaint as a defendant. After the city's motion for summary judgment was allowed, final judgment in favor of the city was entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974).

would not have chosen to take the dangerous route to school that he did.

1. *Duty of care owed to Tryon at locations off city property.* The Massachusetts Tort Claims Act imposes liability on municipalities "in the same manner and to the same extent as a private individual under like circumstances . . . ." G. L. c. 258, § 2, as appearing in St. 1978, c. 512, § 15. A private landowner owes a duty of reasonable care to protect lawful entrants against foreseeable dangers on adjacent property. *Polak v. Whitney*, 21 Mass. App. Ct. 349, 351-352 (1985). See *Johnson v. Chateau DeVille, Inc.*, 20 Mass. App. Ct. 933 (1985). Here, there was deposition testimony that the principal and teachers of the Pyne School (city employees) knew that students regularly crossed the tracks to enter the school property through a hole in the fence, and were, thus, aware of the danger the adjacent railroad tracks posed to the students of the school. Indeed, that the city had seen fit to erect the fence in the first place was evidence warranting an inference that it knew of the danger of school pupils walking on the track. The city's duty could extend to dangers on land adjacent to that which the city owned if the defect on the city land had a causal link to the adjacent danger. See *Lukasiewicz v. Buffalo*, 55 A.D.2d 848 (N.Y. 1976); *Leone v. Utica*, 66 A.D.2d 463, 465-467 (1979), aff'd, 49 N.Y.2d 811 (1980). See also *Abdur-Rashid v. Consolidated Rail Corp.*, 135 A.D.2d 208, 210 (N.Y. 1988).

The question whether it was foreseeable that someone like Tryon might be hurt because of the hole in the fence is a question of fact, not law. The degree of care constituting reasonable care which the city must exercise is determined by considering, inter alia, the class of people to whom the duty extends. Thus, the city was bound to consider that young school children are "predictably irresponsible." *Scott v. Thompson*, 5 Mass. App. Ct. 372, 375 (1977). See *Brown v. Knight*, 362 Mass. 350, 352 (1972). Accord *Leone v. Utica*, 66 A.D.2d at 466, aff'd, 49 N.Y.2d at 813. Although Tryon's deposition established that his parents and teachers had warned him not to walk along the tracks, his capacity as a

"reasonable twelve-year-old" is a question of fact. In the same vein, a fact finder should be allowed to consider Tryon's comparative negligence in electing to walk along the tracks in the face of previous warnings not to do so and his understanding of the danger his conduct involved.

2. *Duty to Tryon beyond that owed to general public.* The city argued that Tryon was too temporally remote a plaintiff for the city to owe a particular duty to him. The degree of care the city owed to Tryon, whether a special duty of care or only that owed to the general public, is dictated by the nexus between Tryon and the city, a question of fact. See *Irwin* v. *Ware*, 392 Mass. 745, 755-757, 762 (1984) (town liable in negligence where police released drunk driver, thereby placing the motoring public at risk of immediate harm). Compare *Appleton* v. *Hudson*, 397 Mass. 812, 814-816 (1986) (police knowledge of teenagers' tendency to drink and street-race cars in town insufficient to establish particular duty to individual struck by one teenager); *Gage* v. *Westfield*, 26 Mass. App. Ct. 681, 687-688 (1988) (city that failed to erect barrier on train bridge where local teenagers congregated owed no special duty to those teenagers). Under *Irwin*, it may be proper to find a special relationship which gives rise to a duty to act with reasonable care to prevent harm where a "defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so." *Irwin* v. *Ware*, 392 Mass. at 756.

In the instant case, as we have observed, there was deposition testimony that the city knew of the school children's propensity to walk along the tracks and enter the school property through the hole in the fence. Under an *Irwin* analysis, a fact finder could determine that by not fixing the hole in the fence, the city exposed an identifiable category of its inhabitants, i.e., the students of the Pyne School, to harm which the city had anticipated.

3. *The discretionary function exemption.* Section 10(*b*) of the Massachusetts Tort Claims Act exempts a municipality from tort liability under a claim which is based on the per-

formance of a "discretionary function or duty on the part of a public employer or public employee . . . . " G. L. c. 258, § 10(*b*), as appearing in St. 1978, c. 512, § 15. This exemption from tort liability extends to functions which involve policy judgments, planning, or the exercise of discretion. See *Whitney* v. *Worcester*, 373 Mass. 208, 217-220 (1977); *Patrazza* v. *Commonwealth*, 398 Mass. 464, 467-470 (1986); *Cady* v. *Plymouth-Carver Regional Sch. Dist.*, 17 Mass. App. Ct. 211, 212-215 (1983). In *Gage* v. *Westfield*, 26 Mass. App. Ct. at 685-686, where the danger was a considerable distance from city property and there was a broad range of possible alternative protective actions, the city's decision whether to erect a fence to protect against the dangers involved in teenagers' using a shortcut across railroad tracks was held to be a discretionary function. However, whether or not in a particular situation a decision to erect a fence is discretionary, the maintenance of or failure to maintain a fence after its erection does not entail a discretionary function. As stated in *Sanker* v. *Orleans*, 27 Mass. App. Ct. 410, 412-413 (1989), "day to day care and maintenance . . . seems at the opposite end from policy and planning . . ., and municipal negligence in such a respect is not sheltered as a discretionary function." Accord *Whitney* v. *Worcester*, 373 Mass. at 223 ("Personal injury from defective premises or from the negligence of those into whose care they are entrusted is not a risk that schoolchildren should, as matter of public policy, be required to run in return for the benefit of a public education"); *Doherty* v. *Belmont*, 396 Mass. 271, 276 (1985) ("Any negligence in performing, or failing to perform, the ministerial task of maintenance does not rise to the level of 'public policy or planning' decisions warranting protection under G. L. c. 258, § 10(*b*)"). Once the fence was erected, the city had a duty to continue to maintain it, and its failure to meet that duty is not protected under the rubric of "a discretionary function."

On our view of the case, there are several issues of material fact to be resolved, among them: whether the city was aware of the hole in the fence; how long the hole had been

there; whether the city was aware of the hazard to the students; whether Tryon had been warned away from the railroad tracks; whether Tryon had played "chicken" although well aware of the danger; what conduct can be expected of school children of his age if they have been warned of danger.[4] Where disputed issues of material fact exist, an entry of summary judgment is improper. See Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974); *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1974). Accordingly, we reverse the judgment and remand the case for further proceedings.

*So ordered.*

---

[4]We, of course, do not mean to intimate that this list limits the facts which may be disputed at trial.