TINA M. WHEELER *vs.* BOSTON HOUSING AUTHORITY.

No. 91-P-901.

Suffolk. November 13, 1992. - January 25, 1993.

Present: WARNER, C.J., PORADA, & LAURENCE, JJ.

*Massachusetts Tort Claims Act. Housing Authority. Governmental Immunity. Negligence,* One owning or controlling real estate.

A housing authority is a "public employer" for purposes of the Massachusetts Tort Claims Act, G. L. c. 258. [38]

A housing authority's decisions concerning the degree of security it would provide on its premises, including the control of access to the roof of one of its buildings, fell within the discretionary function exception of § 10(*b*) of the Massachusetts Tort Claims Act, G. L. c. 258, so that, consequently, the authority was immune from liability on a claim by a pedestrian who alleged she was injured in an exchange of gunfire between unknown persons on the roof top of the building and in the adjacent ground level parking area. [38-43]

CIVIL ACTION commenced in the Superior Court Department on July 17, 1989.

The case was heard by *Hiller B. Zobel,* J., on a motion for summary judgment.

*Emanuel Howard* for the plaintiff.

*Anthony R. Zelle (Caesar P. Cardozo* with him) for the defendant.

*Martin J. Rooney & Valda Alden Winsloe,* for Somerville Housing Authority & others, amici curiae, submitted a brief.

PORADA, J. After the plaintiff was shot in the arm during an exchange of gunfire between unknown persons on the rooftop and on the ground level parking area of a building owned by the defendant at 41 Franklin Hill Avenue in the Dorchester section of Boston, the plaintiff filed suit in the Superior Court against the defendant under the Massachusetts Tort Claims Act, G. L. c. 258. The plaintiff claimed the defendant was negligent in failing to provide adequate secur-

ity for persons lawfully on the premises. The defendant moved for summary judgment on the ground that the claim was barred by the discretionary function exception of G. L. c. 258, § 10(*b*).[1] The motion judge agreed with the defendant and allowed the motion. From the ensuing judgment, the plaintiff appeals. We affirm.

We summarize the pertinent facts, which are undisputed. After visiting a friend at the Franklin Hill housing development, the plaintiff was walking to her car, which was parked in an area outside 41 Franklin Hill Avenue. A car drove into this parking area and a man with a gun in his hand jumped out. As soon as he alighted, there was an exchange of gunfire between him and someone on the roof at 41 Franklin Hill Avenue; the plaintiff was wounded by a ricocheting bullet.

The building at 41 Franklin Hill Avenue is a three-story apartment building owned by the defendant. There is only one entrance to the building, a front door. The decision when to lock this door is left to the tenants of the building by the defendant. Once inside the building, there is only one entrance to the roof. The locking device on the roof door is a push-bar lock which allows access to the roof from the interior of the building but does not allow access from the roof into the building.

The defendant has established its own department of public safety headed by a director, who is responsible for designing and implementing security measures for the defendant at its housing projects. The defendant also has its own security force, which does patrol the premises and does investigate crimes on the premises. Within the last two years, the Franklin Hill housing development has been the scene of numerous violent crimes.

We turn now to discuss the sole issue presented in this appeal: whether the discretionary function exception applies to

---

[1] Section 10(*b*), as appearing in St. 1978, c. 512, § 15, excepts "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused."

the defendant's conduct in this case. The plaintiff's case was based on her claim that her personal injuries were caused by the negligence of the defendant in failing to take adequate security measures to protect persons lawfully on the premises, in particular the failure regularly to patrol the premises and the failure adequately to secure the front door and the door leading to the roof at 41 Franklin Hill. The plaintiff asserts that a public housing authority should be treated no differently from a private landowner in like circumstances and is not immune from suit under the discretionary function exception of G. L. c. 258, § 10(b).

The defendant is a "public employer" within the meaning of G. L. c. 258, § 1, as appearing in St. 1983, c. 538, and has the benefit of the protection from liability provided by the discretionary function exception of G. L. c. 258, § 10(b), if the defendant's conduct in this case qualifies as a discretionary function. *Commesso* v. *Hingham Hous. Authy.*, 399 Mass. 805, 807 (1987). *Ayala* v. *Boston Hous. Authy.*, 404 Mass. 689, 703-704 (1989). The first step in deciding whether § 10(b) is applicable is to decide whether the defendant had any discretion as to what course of conduct to follow. *Harry Stoller & Co.* v. *Lowell*, 412 Mass. 139, 141 (1992). If a statute, regulation, or established agency practice prescribes a course of action, the defendant's conduct is not protected by the discretionary function exception. *Id.* at 141.

Here, the plaintiff claims that the discretionary function exception is inapplicable, because G. L. c. 121B, § 32, as appearing in St. 1971, c. 1114, § 1, obligates the defendant to provide "decent, safe and sanitary dwelling accommodations." General Laws c. 121B, however, contains no prescribed security measures for a public housing authority to follow. Nor do any regulations prescribe such measures. The plaintiff in this case asserts that a provision of the State Sanitary Code, 105 Code Mass. Regs. § 410.480(C) (1986),[2]

---

[2]Section 410.480(C) provides: "The main entry door of a dwelling containing more than three dwelling units shall be so designed or equipped so as to close and lock automatically with a lock, including a lock with an

prescribes the security measures that the defendant should have taken to secure the front door. We conclude, however, that this regulation does not apply to the defendant. The regulation in question is part of the State Sanitary Code, which was enacted under the authority of G. L. c. 111, §§ 3 and 127A. Section 127A, as inserted by St. 1965, c. 898, § 3, specifically provides that "[n]othing contained in the code shall be in conflict with any general or special law." The provisions of 105 Code Mass. Regs. § 410.480(C) track almost verbatim the language of G. L. c. 143, § 3R, and refer expressly to this statute. However, G. L. c. 143, § 3R, expressly exempts public housing authorities from its provisions. Consequently, the application of 105 Code Mass. Regs. § 410.480(C) here would conflict with the provisions of G. L. c. 143, § 3R, and the regulation therefore does not apply to the defendant.

Having determined that there is no statute or regulation setting forth what security measures the defendant should follow, we conclude that the Legislature implicitly left this decision to the discretion and judgment of each public housing authority in the operation and management of its housing projects. See G. L. c. 121B, § 32. Accordingly, our next step is to determine whether the discretion that the defendant has is the kind afforded immunity from liability under § 10(*b*). *Harry Stoller & Co.* v. *Lowell*, 412 Mass. at 141. In deciding this question, we look to the criteria set forth in *Whitney* v. *Worcester*, 373 Mass. 208, 219-220 (1977). These considerations are (1) whether the injury-producing conduct was an integral part of governmental policy making or planning; (2) whether the imposition of tort liability would jeopardize the quality and efficiency of the governmental process; (3) whether a judge or jury could review the conduct in question without usurping the power and responsibility of the legisla-

---

electrically-operated striker mechanism, a self-closing door and associated equipment. Every door of the main common entryway and every exterior door into said dwelling, other than the door of such main common entryway which is equipped as provided in the preceding sentence shall be equipped with an operating lock. (M.G.L. c. 143, § 3R.)"

tive or executive branches; and (4) whether there is an alternate remedy available to the injured individual other than an action for damages.

We conclude that the determination of what security measures to take to protect persons on its premises from criminal activity is an integral part of the defendant's policy making and planning process. In this case, the defendant had established a department of public safety and a security force headed by a director of public safety, to whom was entrusted the responsibility for the design and implementation of all security measures for the premises. Given the wide range of choices the director could make to provide security to the premises and the necessary constraints imposed on those choices by budgetary considerations, the particular conduct which the plaintiff claims caused the injury is characterized by a "high degree of discretion and judgment involved in weighing [security] alternatives and making choices with respect to public policy and planning." *Whitney* v. *Worcester*, 373 Mass. at 218. There is also no question that the imposition of liability on the defendant for inadequate security leading to the criminal acts of third persons would undoubtedly affect the ability of the defendant to provide the quantity and quality of low cost housing now provided by requiring diversion of significant resources to combat criminal activity. In addition, subjecting to judicial review the defendant's decision with respect to security measures might usurp the decision-making power granted the defendant by the Legislature under G. L. c. 121B, § 32, to manage its housing projects.[3] Finally, an alternate available remedy to a plaintiff suffering a criminal assault is a civil action against the perpetrator or, alternatively, recompense under the Victims of Violent Crimes Act, G. L. c. 258A. In sum, measured by the criteria set forth in the *Whitney* case, we conclude that the defendant's decision as to what security measures it should

---

[3]With respect to door locks, specifically, we note the Legislature, in exempting housing authorities from the provisions of G. L. c. 143, § 3R, has evidenced an intent to leave this security measure to the judgment of each housing authority.

employ on its premises is a discretionary function within § 10(*b*).

Our conclusion finds support in our case law which has considered the issue of liability of a public employer under G. L. c. 258, § 1, as a property owner. Where the injury-causing component is a physical defect in the premises or is a result of a negligent failure to maintain the premises, the governmental entity has not been afforded immunity under the discretionary function exception. *Doherty* v. *Belmont*, 396 Mass. 271, 276 (1985) (plaintiff tripped over a metal stub protruding from a public parking lot, which condition the court ascribed to a failure to maintain the premises). *Sanker* v. *Orleans*, 27 Mass. App. Ct. 410, 412-413 (1989) (failure to prune tree branch overhanging public highway, causing motorist's death, considered a maintenance function and not a discretionary function). *Tryon* v. *Lowell*, 29 Mass. App. Ct. 720, 723-724 (1991) (student's action for injuries sustained when struck by a train after he climbed through a hole in a fence erected on property to separate the property from railroad tracks not barred by discretionary function exception because claim based on ministerial task of maintenance of school property).

On the other hand, where the injury-causing component has been the result of a decision characterized by a "high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning," *Whitney* v. *Worcester*, 373 Mass. at 218, the governmental action has been found immune from suit. *Patrazza* v. *Commonwealth*, 398 Mass. 464, 467-470 (1986) (Commonwealth's decision to leave guardrail ends unburied except on limited access highways based on cost and safety considerations was a discretionary function exempting the Commonwealth from liability in a wrongful death action where motorist's death caused by striking an unburied guardrail end on a public highway). *Gage* v. *Westfield*, 26 Mass. App. Ct. 681, 683-686 (1988) (discretionary function exception applicable to provide immunity to city in wrongful death action based on the theory that the city as owner of a play-

ground was negligent in failing to take adequate security measures to protect users of playground from danger posed by railroad tracks located across a river and more than 400 feet away).

We believe that the decision to provide more police patrols to the premises or how and when doors to housing projects should be secured falls within the second category of cases which are protected by the discretionary function exception. As noted in the *Gage* case, the governmental entity is faced with a wide range of alternative safety measures it could take to protect the safety of the occupants of its property. *Gage* v. *Westfield*, 26 Mass. App. Ct. at 686. "Given the judgment involved in weighing [these] alternatives and making policy choices as to what safety measures to take," the discretionary function exception should apply. *Ibid.*

We also find support for our position among the Federal courts which have considered the liability under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (1988), of the Federal government, as a property owner, for injuries inflicted by criminal acts of third persons, on persons lawfully on its premises, in actions based on the theory that the government had negligently failed to take adequate security measures. See *Turner* v. *United States*, 473 F. Supp. 317, 320 (D.D.C. 1979) (government immune from suit by a custodial worker, who was beaten and robbed in a government building, where claim based on government's negligence in having only two guards on duty and in lowering the lights at night — actions which were ruled to be clearly discretionary under the Federal Tort Claims Act); *Marbley* v. *United States*, 620 F. Supp. 811, 813 (D.D.C. 1985) (wrongful death action based on government's failure to provide adequate safety measures to protect custodial worker in a government building from a deadly attack by a third person barred by the discretionary function exception of the Federal Tort Claims Act); *Haygan* v. *United States*, 627 F. Supp. 749, 750-751 (D.D.C. 1986) (decision to assign only one officer to patrol parking lots owned by the Federal government considered discretionary function under Federal Tort Claims

Act barring claim for theft of plaintiff's car). See also *Attallah* v. *United States*, 955 F.2d 776, 782-786 (1st Cir. 1992) (security measures employed by United States customs officials at an airport to protect persons and property processed by customs officials ruled a discretionary function under Federal Tort Claims Act). While these Federal cases are instructive only, they reinforce the conclusion reached by us in this case that the defendant's conduct falls within the discretionary function exception of G. L. c. 258, § 10(*b*), and is immune from liability. See *Harry Stoller & Co.* v. *Lowell*, 412 Mass. at 142-143.

*Judgment affirmed.*