Cowin, J.
This is a negligence action for personal injuries by Albert A. Sico, III (“Albert”), and for loss of consortium by Albert’s mother, Shirley Sico. Albert sustained injuries when he ran from a playground owned by the defendant City of Cambridge (“Cambridge”), onto the adjoining street, and was struck by an automobile. Cambridge has now moved for summary judgment under Mass.R.Civ.P. 56, on the grounds that (1) it is immune from suit because the alleged negligent conduct falls within the discretionary function exception of the Massachusetts Tort Claims Act, G.L.c. 258, §10(b); (2) it is shielded from liability by G.L.c. 21, §17C; and (3) its alleged negligence, if any, did not cause Albert’s injuries. For the following reasons, the defendant’s motion for summary judgment must be allowed.
BACKGROUND
For the purposes of this motion, the following facts are undisputed:
*14 On May 4, 1988, Albert went to the Cambridge playground in question to play hockey. Albert states in his deposition that while he was there, someone came to the park “to beat [him] up.” The attacker “started yelling, and she said she’d kick [Albert’s] butt.” Albert tried to walk away. His assailant chased him and Albert began to run across the street to his grandmother’s house. While running across the street, Albert was struck and injured by a passing automobile.
The plaintiffs now sue Cambridge for its failure to: (1) properly post signs near the playground; (2) properly fence the playground; (3) properly supervise the use of the playground; (4) provide traffic control devices, signals or warnings; (5) properly design the playground for the safety of its users; and (6) provide adequate notice, warnings or caution to the children using the playground that the nearby traffic presents a hazard.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The Court agrees with Cambridge that its alleged negligent actions all fall within the discretionary function exception of the Massachusetts Tort Claims Act, G.L.c. 258, § 10(b). Therefore the Court need not reach the other two issues raised by the plaintiffs.
This case falls squarely within the recent decision by the Massachusetts Appeals Court, Wheeler v. Boston Housing Authority, 34 Mass.App.Ct. 36 (1993). “The defendant is a ‘public employer’ within the meaning of G.L.c. 258, §1, as appearing in St. 1983, c. 538, and has the benefit of the protection from liability provided by the discretionary function exception of G.L.c. 258, § 10(b), if the defendant’s conduct in this case qualifies as a discretionary function.” Wheeler, supra at 38 (citations omitted). In Wheeler, the Court used a two-step analysis to determine that the Housing Authority’s decisions concerning the degree of security it would provide on its premises fell within the discretionary function exception. Using the same two-part test, all the allegedly negligent conduct by Cambridge also falls within the discretionary function exception. The claimed negligence all concerns the degree to which Cambridge provides safety features in its design of the playground.
First, no “statute, regulation, or established agency practice prescribes a course of action,” Wheeler, supra at 38, that Cambridge must follow in designing its playgrounds or their safety features. Second, in weighing the policy considerations set forth in Whitney v. Worcester, 373 Mass. 208, 219-20 (1977), the Court follows the same reasoning as that set forth in Wheeler.
Given the wide range of choices the [defendant] could make to provide security to the premises and the necessary constraints imposed on those choices by budgetary considerations, the particular conduct which the plaintiff claims caused the injury is characterized by a “high degree of discretion and judgment involved in weighing . .. alternatives and making choices with respect to public policy and planning.”
Wheeler, supra at 40, quoting Whitney, supra at 218.
The only two cases cited by the plaintiffs in support of their assertion that their recovery is not barred by the discretionary function exception, Doherty v. Belmont, 396 Mass. 271 (1985), and Tryon v. Lowell, 29 Mass.App.Ct. 720 (1991), are distinguishable. Both involve a public entity’s failure to maintain a safety feature after having made the decision to install the safety feature in the first place. This crucial distinction is discussed in Wheeler, supra at 41, and is made by the respective Courts in each of the decisions themselves. In Tryon, which involved an injury sustained by a child who had crawled through a hole in a fence the city had erected between the child’s school and some railroad tracks, the Court stated that even if “a decision to erect a fence is discretionary, the maintenance of or failure to maintain a fence after its erection does not entail a discretionary function." Tryon, supra at 724. Doherty involved an injury sustained when a woman tripped over a metal stub that the town had failed to remove after removing a parking meter. The Court stated:
[Tlhe relevant inquiry is not whether the decision to remove the parking meters constituted a discretionary function under § 10(b), but rather whether the maintenance of the parking lot in furtherance of this decision falls within the exemption from liability. Any negligence in performing, or failing to perform, the ministerial task of maintenance does not rise to the level of “public policy or planning” decisions warranting protection under G.L.c. 258 §10(b).
Doherty, supra at 276 (citations omitted).
There is no allegation in this case of a negligent failure to maintain an existing safety feature. The allegedly negligent conduct involves decisions by the City of Cambridge in designing its playground and the safety features thereof, and is therefore protected under the discretionary function exception of G.L.c. 258, § 10(b).
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is hereby ALLOWED.