Cratsley, J.
The defendant, the Boston Housing Authority, has previously moved for partial summary judgment alleging that plaintiffs claims relating to the failure to provide adequate security were barred by the public duly rule and/or the discretionary function doctrine under M.G.L.c. 258. This Court issued an Order on November 2, 1992 denying the defendant's previous motion and holding that the public duty rule does not apply to a tenant of a Boston Housing Authority project who is allegedly assaulted on the lessor’s property. The defendant now renews its motion for partial summary judgment in light of a subsequent Appeals Court decision which specifically addresses the discretionary function exception. The defendant is moving for summary judgment on all claims by the plaintiff which allege negligent provision of security services and measures, except for the plaintiffs claim of negligent maintenance of the property. For the reasons set forth below, the defendant’s renewed motion for partial summary judgment is allowed.
Factual Background
All of the following facts are based upon the available pleadings, affidavits, and depositions at the time of the defendant’s renewed motion for partial summary judgment.
On December 5, 1987, at approximately 1:30 a.m., the plaintiff, Ann Grankewicz, was assaulted and robbed while returning to her apartment at 15 Metcalf Court, Jamaica Plain, Massachusetts. The apartment is owned and maintained by the defendant, the Boston Housing Authority. As the plaintiff entered the unlocked outer doorway to her building, a man who had been hiding in an unlit area grabbed her and attempted to remove her pocketbook which was hanging from her shoulder by the strap. The assailant threw the plaintiff to the ground injuring her shoulder and arm. He took her purse and ran into an adjacent building where he was later found by Boston police. As a result of this assault Ann Grankewicz suffered a dislocated shoulder and a broken arm.
The plaintiff alleges that the defendant was negligent in failing to maintain the premises properly and failing to provide adequate security. The Boston Housing Authority provides police and security to all of its developments. The nature, extent, and method of implementation of these measures is the responsibility of the Director of Public Services. The Boston Housing Authority Public Safety Budget is composed of funds from the federal government, the state government, and the Boston Housing Authority’s own operating budget.
Discussion of the Applicable Law
The provisions of the Massachusetts Tort Claims Act shall not apply to any claim “based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion is abused.’’ M.G.L.c. 258, §10(b). On January 25, 1993, the Appeals Court of Massachusetts extended the discretionary function further than ever before in its decision Wheeler v. Boston Housing Authority, 34 Mass.App.Ct. 36 (1993). The Court in Wheeler held in pertinent part that the conduct of the Boston Housing Authority with respect to provision and implementation of security measures is within the scope of the discretionary function doctrine and is therefore immune from liability. Wheeler at 40-41.
The Boston Housing Authority is a public employer with its own department of public safety responsible for designing and implementing security measures. The Boston Housing Authority also has its own security force which patrols and investigates. The Supreme Judicial Court has held that decisions regarding security policies are solely within the defendant’s discretion. Harry Stoller v. Lowell, 412 Mass. 139 (1992).
Prior to Wheeler, the leading case on the discretionary function exception was Whitney v. Worcester, 373 Mass. 208 (1977), where the Court posed the four key questions necessary for this analysis. Was the injury-producing conduct an integral part of governmental policy-making or planning? Might the imposition of tort liability jeopardize the quality and efficiency of the governmental process? Could a judge or jury review the conduct in question without usurping the power and responsibility of the legislative and executive branches? Is there an alternate remedy available to the injured individual other than an action for damages? These four considerations indicate whether governmental immunity should attach. Whitney at 219.
In addressing the first criterion, the Wheeler Court held that the determination of what security measures to take to protect persons on its premises from criminal activity is an integral part of the defendant’s policy making and planning process. Wheeler at 40. Here the Boston Housing Authority has exercised discretion and judgment in weighing security alternatives, in making choices as to budget, and in establishing *2 public policy. For example, decisions to provide more police patrols or how and when to secure doors would fall under this first question of planning.
Turning to the second issue of imposition of tort liability, the Wheeler Court held that such imposition would undoubtedly affect the defendant’s ability to provide quality low cost housing by requiring the diversion of significant resources to combat criminal activity. Wheeler at 40. This analysis applies here as well.
The third consideration raises a separation of powers issue. The Massachusetts Legislature has granted the Boston Housing Authority broad powers to manage itself, implicitly leaving security policy decisions to the defendant. To subject such matters to judicial review would usurp the powers granted to the defendant under M.G.L.c. 12IB, §32.
Lastly, there are alternative remedies available to plaintiffs such as Ann Grankewicz. She could bring a civil action against the perpetrator or she could seek compensation under the Victims of Violent Crimes Act, M.G.L.c. 258A. These remedies are also proposed in the Wheeler case.
Plaintiff has argued that Wheeler is distinguishable because the plaintiff there was a visitor while Ann Grankewicz is a tenant. However, the Wheeler decision speaks without exception of security measures to protect “persons on its premises from criminal activity.” Id at 40. This Court holds that the duty of the defendant is the same for all persons whether tenant, visitor, or employee. The relationship between parties does not matter here. The discretionary function exception applies.
Support for the Whitney and Wheeler mode of analysis can also be found in federal cases dealing with liability under the Federal Tort Claims Act, 28 U.S.C. §2671-1680 (1988). A policy in a government building to have only two guards on duty and to lower the lights at night was held to be discretionary. Turner v. United States, 473 F.Supp. 317 (1979). A decision on patrol coverage in parking lots owned by the federal government was also considered discretionary function and barred the plaintiffs claim for theft. Haygan v. United States, 627 F.Supp. 749 (1986).
Therefore, for all of the aforementioned reasons, this Court holds that the Wheeler case governs the facts here and is dispositive on the issue of security.
Order
It is therefore ORDERED that the defendant’s renewed Motion for Partial Summary Judgment is ALLOWED.