Botsford, J.
INTRODUCTION
The plaintiff, Zakiya Aiake (Aiake), brought this negligence action against the City of Boston (the City) for injuries she sustained at the Aquarium MBTA station on March 12, 1992. Aiake alleges that her injuries resulted from the negligent supervision of students from English High School, a public school in the City. The City argues that the supervision of students is a discretionary function.exempt from liability pursuant to G.L.c. 258, §10(b). For the reasons discussed below, the defendant’s motion for summary judgment is ALLOWED.
BACKGROUND
The summary judgment record, when considered in favor of Aiake as non-moving party, indicates the following. On March 12, 1992, Aiake was injured on the escalator while exiting from the Aquarium MBTA station. A large group of English High School students *381 pushed and jostled one another on the escalator, causing a number of passengers to fall backwards and land on her. Alake claims that there were an inadequate number of escorts for the students, and as a consequence the escorts present were unable properly to control them; she further asserts that the negligent supervision of the students caused her injuries. The City denies the allegations.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes that absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
The Massachusetts Torts Claims Act, G.L.c. 258, exempts from liability “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 258, §10(b). The City, as a “public employer” within the meaning of G.L.c. 258, §1, “has the benefit of the protection from liability provided by the discretionary function exception of G.L.c. 258, §10(b), if the [City’s] conduct in this case qualifies as a discretionary function.” Wheeler v. Boston Housing Auth’y, 34 Mass.App.Ct. 36, 38, rev. denied, 414 Mass. 1104 (1993). Accord, Harry Stoller & Co. v. Lowell, 412 Mass. 139, 140 (1992).
There is a two-step test in deciding whether a plaintiffs claim is foreclosed by the discretionary function exception of § 10(b). The first involves determining “whether the [City] had any discretion to do or not to do what the plaintiff claims caused him harm.” Harry Stoller & Co. v. Lowell, 412 Mass. at 141. If the governmental actor’s actions were prescribed by a statute, regulation or established agency practice, then there is no discretion. In this case, however, there is nothing in the record to indicate that supervision of students is prescribed by any law, rule or established practice. “The second and far more difficult step is to determine whether the discretion that the actor ha[d] is that kind of discretion for which § 10(b) provides immunity from liability . . . [T]he discretionary function exception.. . [provides] immunity only for discretionary conduct that involves policy making or planning.” Id, at 141. “[GJovernmental immunity does not result automatically just because the governmental actor had discretion. Discretionary actions and decisions that warrant immunity must be based on considerations of public policy . . . Even decisions made at the operational level, as opposed to those made at the policy or planning level, would involve conduct immunized by the discretionary function exception if the conduct were the result of policy determinations.” Id. at 143 (citations omitted).
The issue of whether supervision of students qualifies as a discretionary function in particular circumstances has been the subject of at least three appellate decisions. In all three cases, summary judgment in favor of the public defendants was affirmed on appeal because the supervision of students was held to be a discretionary function within the meaning of G.L.c. 258, §10(b). See Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 216-17 (1983) (unsuccessful challenge to school authorities’ allegedly negligent decision to allow two fellow students to return to school after fight with plaintiff, leading plaintiff to leave school out of fear of further harassment or attack; “[m]anagement of student imbroglios, student discipline, and school decorum fall readily within the discretionary function exception to the Tort Claims Act”);[1] Wightman v. Methuen, 26 Mass.App.Ct. 279, 280 (1988) (second-grade student was injured by older student in playground; plaintiffs negligence claim based on lack of supervision on playground was foreclosed by discretionary function exception in § 10(b)); Bencic v. Malden, 32 Mass.App.Ct. 186, 188 (1992) (negligent supervision claim of plaintiff, a special needs student injured while fleeing from an altercation with another student, failed because supervision of students generally, and a special needs student in particular, was a discretionary function). See also Wheeler v. Boston Housing Auth’y, supra, 34 Mass.App.Ct. at 39-43 (decisions about providing adequate security for tenants in public housing projects are discretionary functions).[2]
Alake’s argument is that the decision to go on the field trip may have fallen within the discretionary function exception, but what was involved here was the implementation of that policy decision, and the school was bound to act reasonably in conducting and supervising the field trip. The argument fails. There is *382 no evidence that any school authorities had established standards or policies regarding supervision of school trips that were violated in this case, or that there exists a standard of generally accepted supervision practices which the school negligently faded to adhere. Compare Harry Stoller & Co. v. Lowell, supra 412 Mass. at 145-46. Compare also, Kelly v. Rossi, 395 Mass. 659, 665 and n.6 (1985). Rather, by its nature the decision of how effectively to supervise high school students is largely one of judgment which involves both planning and policy choices with respect to the most appropriate allocation of school personnel resources. It would not be appropriate or constructive if the court were in the position of second-guessing these judgments. See Cady v. Plymouth Carver Regional School Dist., supra 17 Mass.App.Ct. at 214-17. See also Whitney v. Worcester, 373 Mass. 208, 219 (1977).
ORDER
For the foregoing reasons, the defendant’s motion for summary judgement is ALLOWED.

 The Cady opinion was criticized in Harry Stoller & Co. v. Lowell, 412 Mass. 139, 144 n.2 (1992), because it misstated the general test for distinguishing between functions that are discretionary and those that are not. Cady's holding that supervision of students is a discretionary function within the meaning of c. 258, §10(b) was not criticized.

 The meaning of the discretionary function exception is the subject of several recent appellate decisions which suggest there is a lack of full clarity on the scope of the exception. See Harry Stoller & Co. v. Lowell, supra See also Alter v. Newton, 35 MassApp.Ct. 142, 145-48, further appellate re-viewgranted, 416 Mass. 1105 (1993); Horta v. Sullivan, No. 92-1962, (1st Cir., August 31, 1993). None of these recent cases has dealt with an issue of student supervision.