Fremont-Smith, J.
*76 INTRODUCTION
The plaintiff, Marc T. Lombardo, brought this negligence action against the Town of Billerica[1] for injuries he sustained at the Hollenberg Ice Rink on January 28, 1993. Lombardo alleges that his injuries resulted from the negligent supervision of students from Vining Elementary School, a public school in the town of Billerica. The Town argues that the supervision of students is a discretionary function exempt from liability pursuant to G.L.c. 258, §10(b). For the reasons discussed below, the defendant’s motion for judgment on the pleadings is ALLOWED.
BACKGROUND
The complaint’s allegations, which are taken as true for the purposes of this motion, indicate that on January 28, 1993, Lombardo was participating in a physical education class at the skating rink when he was pushed by another student and fell on the ice, injuring himself. Lombardo’s complaint alleges the Town provided an inadequate number of supervisory personnel for the students, and that this negligent or inadequate supervision of students was the proximate cause of his injuries.
DISCUSSION
A motion to dismiss shall be granted where, taking all allegations of the complaint as true, the complaint fails to state a cause of action. Mass.R.Civ.P. 12(c); Sampson v. Lynn, 405 Mass. 29, 30 (1989).
The Massachusetts Tort Claims Act, G.L.c. 258, exempts from liability “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused.” G.L.c. 258, §10(b). The Town, as a “public employer” within the meaning of G.L.c. 258, §1, “has the benefit of the protection from liability provided by the discretionary function exception of G.L.c. 258, §10(b), if the [Town’s] conduct in this case qualifies as a discretionary function.” Wheeler v. Boston Housing Authority, 34 Mass.App.Ct. 36, 38, rev. denied, 414 Mass. 1104 (1993). Accord, Harry Stoller & Co. v. Lowell, 412 Mass. 139, 140 (1992).
As was stated in the similar case of Alake v. City of Boston, Middlesex Superior Ct. C.A. 93-6467, “Memorandum of Decision and Order on Defendant’s Motion for Summary Judgment” (Botsford, J.),* there is a two-step test in deciding whether a plaintiffs claim is foreclosed by the discretionary function exception of § 10(b). The first involves determining “whether the [Town] had any discretion to do or not to do what the plaintiff claims caused him harm.” Harry Stoller & Co. v. Lowell, 412 Mass, at 141. If the governmental actor’s actions were prescribed by a statute, regulation or established agency practice, then there is no discretion.
In this case, however, there is nothing in the record to indicate that supervision of students was prescribed by any law, rule or established practice. “The second and far more difficult step is to determine whether the discretion that the actor ha[d] is that kind of discretion for which § 10(b) provides immunity from liability . . . [T]he discretionary function exception . . . [provides] immunity only for discretionary conduct that involves policy making or planning.” Id. at 141. “[G]overnmental immunity does not result automatically just because the governmental actor had discretion. Discretionary actions and decisions that warrant immunity must be based on considerations of public policy . . . Even decisions made at the operational level, as opposed to those made at the policy or planning level, would involve conduct immunized by the discretionary function exception if the conduct were the result of policy determinations.” Id. at 143 (citations omitted).
All counts of the complaint are premised upon the Town’s failure to provide adequate supervision of the students enrolled in the physical education class at issue and/or in physical education classes generally. The issue of whether supervision of students qualifies as a discretionary function in particular circumstances has been the subject of at least three appellate decisions. In all three cases, summary judgment in favor of the public defendants was affirmed on appeal because the supervision of students was found, as a matter of law, to be a discretionary function within the meaning of G.L.c. 258, § 10(b). See Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 216-17 (1983) (unsuccessful challenge to school authorities’ allegedly negligent decision to allow two fellow students to return to school after a fight with plaintiff, leading plaintiff to leave school out of fear of further harassment of attack; “[m]anagement of student imbroglios, student discipline, and school decorum fall readily within the discretionary function exception to the Tort Claims Act”);[2] Wightman v. Methuen, 32 Mass.App.Ct. 279, 280 (1988) (second grade student was injured by older student in playground; plaintiffs negligence claim based on lack of supervision on playground was foreclosed by discretionary function exception in § 10(b)); Bencic v. Malden, 32 Mass.App.Ct. 186, 188 (1992) (negligent supervision claim of plaintiff, a special needs student, failed because supervision of students generally, and a special needs student in particular, is a discretionary function). See also, Wheeler v. Boston Housing Authority, supra, 34 Mass.App.Ct. at 39-43 (decisions about providing adequate security for tenants in public housing projects are discretionary functions).[3]
Lombardo further argues that the above decisions are not applicable to the supervision of students who are injured while away from the school premises. As in Alake v. City of Boston, supra, however, there is no allegation here that the school authorities had established standards or policies regarding supervision of *77 off-site physical education classes which eliminated discretion and were disregarded. In the circumstances alleged here, the Town’s alleged misconduct falls squarely within the discretionary function exemption of c. 258.
ORDER
For the forgoing reasons, the defendant’s motion for judgment on the pleadings is ALLOWED.

Hollenberg Ice Rink has been dismissed as an additional defendant, it being undisputed that it is owned and operated by the Town.

The Cady opinion was criticized in StoUer because it misstated the general test for distinguishing between functions that are discretionary and those that are not. Cady’s holding that supervision of students is a discretionary function within the meaning of G.L.c. 258 §10(b), however, was not criticized.

The meaning of the discretionary function exception is the subject of several recent appellate decisions which suggest there is a lack of complete clarity on the scope of the exception. See Harry StoUer & Co. v. Lowell supra, and Alter v. Newton, 35 Mass.App.Ct. 142, 145-48, further appellate review granted, 416 Mass. 1105 (1993). None of these recent cases, however, has dealt with an issue of student supervision.

Editor’s Note: The Alake opinion cited appears to be the opinion reported at 1 Mass. L. Rptr. No. 18, 380 (January 24, 1994).