Sikora, J.
PROCEDURAL AND FACTUAL BACKGROUND
By his father and next friend, the minor plaintiff Aaron Niser (collectively “the student”) sues the Town of Clinton under the Massachusetts Tort Claims Act, G.L.c. 258, §2, for personal injuries (a seriously fractured ankle and consequent emotional distress) resulting from an accident in his school gym class. The Town has impleaded as third-party defendant the manufacturer of the sports equipment involved in the accident, Wolverine Sports, a division of School Tech, Inc. (“the manufacturer”). The pleadings and discovery are substantially complete. The Town has now moved for summary judgment upon the theories discussed below. The student and the manufacturer oppose the motion.
The pleadings and answers to interrogatories develop the following facts and allegations. On December 18, 1990, Aaron was a 12-year-old, sixth-grade student participating in gym or physical educational class at Clinton Middle School. Two physical education instructors had organized, and were supervising, an indoor whiffle ball game. They were using a plastic bat and, as indoor bases, a product entitled “polybases” manufactured by third-parly defendant Wolverine.
Aaron came to bat, stroked a whiffle pitch, ran to first base, and slid or slipped, and fell as he touched the base. The fall was serious. He fractured his right ankle. He required surgery a week later, and again 10 months later. His medical bills have exceeded $30,000. His subsequent play and athletic activities have suffered serious curtailment.
The student sues the Town under G.L.c. 258, §2, for negligence by reason of (1) alleged inadequate supervision of the gym class by the instructors; (2) the alleged failure of one instructor specifically to secure or fasten the polybase to the gym floor; and (3) the alleged failure of the school department to provide safe equipment (a stable or stationary adhesive base).
The Town moves for summary judgment upon the arguments (1) that G.L.c. 258, § 10Q), as inserted by St. 1993, c. 495, §57, operates to exclude the present claim from liability and compensation; and (2) that the conduct of the gym class and the selection of sports equipment constitute acts of a “discretionary function” also exempted from liability and compensation by G.L.c. 258, §10(b). We address these points in turn. For summary judgment the Town must establish that, under either of these proposed conclusive affirmative defenses, no genuine issue of material fact nor issue of law persists. Mass.RCiv.P. 56(a). J.W. Smith & H.R. Zobel, Rules Practice §56.8, opening paragraph and authorities cited.
I. The Town’s Defense Under G.L.c. 258, §10(j).
This provision excludes from statutory liability
(j) (a)ny claim based on a failure to act to prevent or diminish the harmful consequences of a condition or situations . . . which is not originally caused by the public employer or any other person acting on behalf of the public employer.
The Town proceeds to argue, in a conclusory fashion, “that the source of harm was a risk created by the conduct of the plaintiff, and not by the public employer, Town of Clinton or its employees”; and that therefore summary judgment is appropriate.
Two major deficiencies characterize this attempted use of summary judgment procedure, generally, and the Town’s argument in particular. First the subject for summary judgment is negligence, usually a questionable candidate because of its circumstantial nature and the need for a finding of reasonableness. E.g. Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984), and authorities cited. Second pleadings, affidavits, and discovery results must produce a clear picture for entry of a Rule 56 judgment in such a case. See Kourouvacilis v. General Motors Corporation, 410 Mass. 706, 715-17 (1991) (plaintiff alleges negligence, inter alia, but then fails to generate any probative information or evidence by pleadings, discovery, or affidavit tending to substantiate the claim of negligence).
Here the Town does not cite a single item of information or evidence from any source (discovery, affidavit, verified investigation, or otherwise) to support its bare contention that the student acted negligently so as to cause or to cause “originally” the accident within the meaning of Section 10(j). Nor does the Town cite a single item of probative information in refutation of the student’s claim that it negligently selected the equipment in question, negligently failed to use or to receive it, and negligently failed to supervise the gym class activities. In short it confronts a plaintiffs claim of multiple negligence, presents a conclusory defensive claim of contributory negligence, offers no probative *410 information on either assertion, and claims an entitlement to summaiy judgment. On this subject, then, the case, contains multiple unresolved issues of material fact.
II.The Town’s Contention That the Selection of Gym Class Sports Equipment is a “Discretionary Function" Within the Meaning of G.L.c. 258, § 10(b).
As a second or independent ground for summary judgment, the Town argues that “the decision on what safely measures to incorporate into the physical education equipment and supervision is an integral part of government policy making or planning.” See e.g. Harry Stoller & Co. v. Lowell, 412 Mass. 139, 145 (1992) (decisions regarding the number and location of fire stations, the amount of equipment to purchase, the size of the fire department.. . [and] especially the allocation of financial resources protected under Section 10(b)). The Town of Clinton then ignores the following arid climactic paragraph of the StoUer decision (id. at 145-46):
The case before us is different. The negligent conduct that caused the fire to engulf all the plaintiffs buildings was not founded on planning and policy considerations. The question whether to put higher water pressure in the sprinkler systems [and the fire department’s decision to use hoses exclusively, and not interior sprinkler systems of the buildings] involved no policy choice or planning decision.
The major decisions establish several familiar elements of the “discretionary function” concept. Governmental activity will have that exempt character (1) if it constitutes an integral part of government policy making or planning, or a part of the implementation of such policy making or planning: (2) if the imposition of tort liability would jeopardize the quality and efficiency of governmental process, especially through inhibition of decision making by officers’ fear of damages liability; (3) if the judge or jury would be intruding upon, or reviewing, the exercise of legislative and/or executive authority of governmental units; and (4) if the conduct or decision making in question invokes a “high degree” of judgment, the weighing of alternatives, and the making of choices in policy and planning. The leading cases and discussions include Harry Stoller & Co. v. Lowell, 412 Mass. 139, 141-45 (1992) (municipal fire department’s decision to combat a fire by external hoses rather than by additional use of interior sprinkler system is not a choice of a planning or policy scale; no discretionaiy function exemption); Alter v. Newton, 35 Mass.App.Ct. 142, 144-48 (1993) (city decision concerning the design and construction of school athletic field fence did not constitute an exempt discretionary function; plaintiff student injured by flying lacrosse ball; nor did any failure to warn students of danger in that area); Wheeler v. Boston Housing Authority, 34 Mass.App.Ct. 36, 38-42 (1993) (public housing authority’s decision about the quality and quantity of security police patrols does comprise a discretionaiy function); Horta v. Sullivan, 418 Mass. 615, 619-22 (1994) (the decision of a police officer to begin and to maintain a high speed dispute involves minor discretion, and not the policy-or-planning discretion contemplated by the statutoiy exemption).
Numerous decisions provide practical illustrations of these criteria. The practice of medicine by a publicly employed physician does not constitute an immune discretionaiy function. Kelly v. Rossi, 395 Mass. 659, 665 n.6 (1985). Police officers’ faulty decisions not to arrest, nor to place in protective custody, intoxicated drivers do not amount to protected discretion. Irwin v. Town of Ware, 393 Mass. 745, 752-54 (1984); Carleton v. Town of Framingham, 418 Mass. 623, 626-27 (1994). Probation officers’ negligent supervision of probationers also does not qualify. A.L. v. Commonwealth, 402 Mass. 234, 245-46 (1988). In short these decisions confirm the reality that many ministerial functions require the exercise of discretionaiy choices; but that those choices do not transform the function from ministerial to discretionary character under the exemption of the Tort Claims Act. Those choices do not involve the necessary quality and scale of policy and planning or policy-and-planning implementation, however important they may be in their immediate operation. See especially the Supreme Judicial Court’s comments in StoUer, supra at 145-46; and in Horta, supra, at 621-22. Here the Town of Clinton is falsely attempting to equate a ministerial function involving small caliber discretion with a discretionary function.
Conclusion
For the foregoing reasons, the court denies the Town’s motion for summaiy judgment.