GRANT E. PATRAZZA, administrator, vs. COMMONWEALTH.

Essex. May 5, 1986. — September 12, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

Way, Public: defect. Massachusetts Tort Claims Act. Governmental Immunity. Commonwealth, Liability for tort.

Where the plaintiff's evidence in a wrongful death action against the Commonwealth was premised essentially on the contention that the decedent's death in an automobile collision had been caused by negligence of the Commonwealth in adopting a policy of leaving guardrail end pieces on certain State highways exposed, rather than burying them, the plaintiff's claim was encompassed by the provisions of G. L. c. 258, § 10 (b), exempting from liability "any claim based upon the exercise . . . [of] a discretionary function," and could not be the basis for recovery under the Massachusetts Tort Claims Act. [467-470]

CIVIL ACTION commenced in the Superior Court Department on October 8, 1981.

The case was tried before James J. Nixon, J., and was reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

Albert P. Zabin for the plaintiff.

Francis G. Chase, Assistant Attorney General, for the Commonwealth.

LYNCH, J. The plaintiff, Grant E. Patrazza, as administrator of the estate of his wife, Patricia Patrazza, brought this action for wrongful death against the Commonwealth. After discovery, the Commonwealth moved for summary judgment, which was denied. At trial in the Superior Court, the Commonwealth moved for a directed verdict at the close of the plaintiff's evidence. The motion was denied. At the close of the Commonwealth's case, it renewed its motion for directed verdict and the trial judge reserved action. In response to special inter-

rogatories, Mass. R. Civ. P. 49, 365 Mass. 812 (1974), the jury found damages for the plaintiff in the amount of $62,500, and that the decedent was comparatively negligent in the amount of fifty per cent. The defendant's motion for judgment notwithstanding the verdict, on essentially the same grounds as stated in its motions for directed verdict, Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974), was then allowed by the judge. In accordance with Mass. R. Civ. P. 64, 365 Mass. 831 (1974), the judge reported the ruling on that motion to the Appeals Court. We took the case on our own motion.

The case arises from the collision of the decedent's automobile with a highway guardrail on Route 107 in Salem on June 3, 1980. Route 107, otherwise known as Highland Avenue, was at the time of the accident a State highway with four travel lanes running in a generally north-south direction. The two northbound lanes were separated from the two southbound lanes by a median strip, just over a yard in width, with a (double, three-tier) steel beam highway guardrail. The accident occurred at the intersection of Route 107 and Ravenna Road and Barnes Road. The end of the guardrail was an unburied, blunt end, facing approaching traffic. On the night of June 3, 1980, the decedent's automobile struck the unburied, blunt end of the guardrail, which penetrated her vehicle and caused her death.

The defendant's motion for judgment notwithstanding the verdict asserted that the plaintiff's claim was cognizable exclusively under G. L. c. 81, § 18, and that the plaintiff was barred from recovery under that section because he failed to give proper notice (see G. L. c. 84, § § 15, 18, and 19); the claim was not cognizable under the Massachusetts Tort Claims Act, G. L. c. 258, and the wrongful death statute, G. L. c. 229, because the remedy for injuries due to a defect or unsafe condition on a State highway was exclusively vested in G. L. c. 81, § 18; that our decision in *Gallant* v. *Worcester*, 383 Mass. 707 (1981), was distinguishable, and did not apply to actions against the Commonwealth, and that a claim under the Massachusetts Tort Claims Act would be barred under that act's discretionary acts exception. G. L. c. 258, § 10 (*b*). The judge allowed the motion for all of the reasons stated.

The plaintiff failed to comply with the notice requirements of G. L. c. 84, §§ 18 and 19, which is requisite under G. L. c. 81, § 18, and therefore cannot properly maintain an action under that section. Even if this case were properly maintained as a wrongful death action under G. L. c. 229, § 2, and G. L. c. 258, § 2,[1] it is clear that the design of the guardrail and the policy implementing its use, the bases of the action for wrongful death, are encompassed within the discretionary acts exception of G. L. c. 258, § 10 (b). The judge allowed the motion on this ground, and we conclude that his ruling, which was unaccompanied by specific factual findings, was correct.

The plaintiff argues that the Commonwealth was culpable for its failure to bury the end of the guardrail. A review of the trial transcript reveals the following facts. It is undisputed that the guardrail in question was installed by the Department of Public Works on May 4 and 5, 1967, and that the chief engineer of the department was responsible for its design and specifications. The plaintiff introduced the deposition of Michael Kamin, principal civil engineer for the Department of Public Works for approximately seventeen years. He testified that, prior to 1965, the policy of the department was to use unburied guardrail ends on all highways. In 1965, the policy was changed for limited access highways only, for which guardrail ends were buried. The decision to favor one form of guardrail over another was based upon the types of accidents to which drivers upon limited access highways were susceptible. Kamin's testimony tended to show that the advantage gained in burying the ends of guardrails is the distribution of the impact forces in a head-on collision with the end of the guardrail. However, if an automobile hits a buried guardrail end, a condition known as vaulting can occur, which can cause an automobile to overturn.[2]

---

[1] We reserve decision on whether this action was properly brought under G. L. c. 258, § 2, and G. L. c. 229, § 2, or was actionable only under G. L. c. 81, § 18.

[2] The reasons for the decision to bury guardrails on limited access highways only were not memorialized in any document, but the policy was explicitly stated in a Department of Public Works letter dated June 7, 1965, which stated that buried end guardrails would be "provided on all future limited access State Highway projects."

The road on which the accident occurred was not a limited access road, and therefore the use of unburied guardrail ends was in accordance with the policy of the department, according to the testimony of the deponent.

The plaintiff's claim is that the Commonwealth was negligent in adopting the policy, not that the policy of the Commonwealth at the time the guardrail was installed was otherwise. The plaintiff's own evidence established that the policy was to leave guardrail ends unburied except for limited access highways. His claim was based upon evidence tending to show that the policy adopted by the Commonwealth was not a prudent policy.

General Laws c. 258, § 10 (*b*) (1984 ed.), exempts from liability "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." The Legislature enacted that provision shortly after our decision in *Whitney* v. *Worcester*, 373 Mass. 208 (1977). St. 1978, c. 512, § 15. Since that enactment, we have reiterated that the language of that decision should be our guide in determining the intended scope of G. L. c. 258, § 10 (*b*). *Irwin* v. *Ware*, 392 Mass. 745, 753 (1984). See *Irwin* v. *Commissioner of the Dep't of Youth Servs.*, 388 Mass. 810, 817 (1983). Therefore, to determine whether the discretionary function exception applies in this case, we return to the seminal case of *Whitney* v. *Worcester, supra.*

In that case we stated that the "appropriate dividing line" from governmental immunity "falls between those functions which rest on the exercise of judgment and discretion and represent planning and policymaking and those functions which involve the implementation and execution of such governmental policy or planning." *Id.* at 217. Discretionary acts are those "characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning." *Id.* at 218. *Irwin* v. *Ware, supra* at 753. Discretionary acts are not those which

involve "the carrying out of previously established policies or plans." *Whitney* v. *Worcester, supra* at 218. *Irwin* v. *Ware, supra* at 753.

*Whitney* v. *Worcester*, replaced the test for the application of governmental immunity based on the distinction between governmental and proprietary functions which was firmly established as the law of Massachusetts from the time of our decision in *Mower* v. *Leicester*, 9 Mass. 247 (1812). Cervone & Hardy, The Massachusetts Governmental Tort Liability Act and its Discretionary Function Immunity: An Analysis and a Modest Proposal, 14 Suffolk U.L. Rev. 1251, 1252 (1980). In recognizing a new dividing line, we took cognizance of the similar, but not identical, exception embodied in the Federal Tort Claims Act, 28 U.S.C. § 2680(a) (1982) for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." *Whitney* v. *Worcester, supra* at 217. We also noted that various other States had adopted a similar discretionary function exception. *Id.* at 217-218.

Thus, while the Federal Tort Claims Act and G. L. c. 258, § 10 (*b*), are not pari materia, we can turn to the Federal act for some guidance in construing our own statute and its history and context. See, e.g., *Cady* v. *Plymouth-Carver Regional School Dist.*, 17 Mass. App. Ct. 211, 213 (1983). The United States Supreme Court recently addressed the discretionary function exception of 28 U.S.C. § 2680(a) (1982), and reaffirmed the leading case of *Dalehite* v. *United States*, 346 U.S. 15 (1953), in *United States* v. *Varig Airlines*, 467 U.S. 797, 811-812 (1984). The Court quoted the crucial passage from *Dalehite* v. *United States*: "It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also

includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable." *United States* v. *Varig Airlines, supra* at 811, quoting *Dalehite* v. *United States, supra* at 35-36. Prior to the decision in *United States* v. *Varig Airlines*, lower Federal courts had frequently relied upon the distinction between operational and planning activities and upon the status of actors and their levels of operation in attaching liability or granting immunity. See *Cady* v. *Plymouth-Carver Regional School District, supra* at 213-214; Cervone & Hardy, *supra* at 1261-1270. However, the Supreme Court in *Varig Airlines, supra*, settled the confusion surrounding the *Dalehite* case, by restating the primary test for determining whether the discretionary function exception applies: "[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." 467 U.S. at 813. To the extent that an operational-planning distinction remains viable under the Federal Tort Claims Act, it survives only to underline the difference between acts involving judgment or policy choice and those involving the routine application of previously established policies or plans. See, e.g., *Mitchell* v. *United States*, 787 F.2d 466, 468 (9th Cir. 1986); *Alabama Elec. Co-op., Inc.* v. *United States*, 769 F.2d 1523, 1528-1536 (11th Cir. 1985); *Shuman* v. *United States*, 765 F.2d 283, 288-294 (1st Cir. 1985); *McMichael* v. *United States*, 751 F.2d 303, 305-307 (8th Cir. 1985). That distinction, between planning and the carrying out of plans, is the same as the one we have followed since *Whitney* v. *Worcester, supra* at 218-219.

The claim in this case is not that the department or its employees failed to follow the policy as adopted by the department. See *Whitney* v. *Worcester, supra* at 218-219. At issue is the choice by the department to employ the policy of using unburied guardrail ends on unlimited access highways. The decision to adopt and implement that policy is precisely the

kind of discretionary function which G. L. c. 258, § 10 (*b*), was designed to protect.[3] See *Whitney* v. *Worcester, supra* at 217; *Lobster Pot of Lowell, Inc.* v. *Lowell,* 333 Mass. 31, 33 (1955). The parties agree that that decision was committed to the responsibility of the department, whose job was to weigh the costs and benefits of the various approaches. The plaintiff introduced evidence of a policy and an act of judgment by the department in making that policy, and attempted to prove that the judgment was exercised unreasonably. We determine that the judge was correct in granting the motion for judgment notwithstanding the verdict, because the plaintiff's evidence was premised essentially on the fact that an act of discretion was performed improperly.

*So ordered.*

---

[3] Whether the adoption of the policy was an abuse of discretion is irrelevant. G. L. c. 258, § 10 (*b*). Thus, even if the adoption of the policy was not prudent or reasonable, G. L. c. 258, § 10 (*b*), would bar this action. *Cady* v. *Plymouth-Carver Regional School Dist., supra* at 215. *Dalehite* v. *United States,* supra at 35.