GOLPHO DRIVAS, individually and as administratrix,
*vs.* CHARLES R. BARNETT, JR., & another;[1]
TOWN OF HANOVER, third-party defendant.

Plymouth. April 21, 1987. — September 30, 1987.

Present: DREBEN, QUIRICO, & SMITH, JJ.

*Negligence*, Motor vehicle, Municipality, Design. *Evidence*, Expert·
opinion, Hypothetical question. *Practice, Civil*, Instructions to jury,
Failure to make objection, New trial, Judicial discretion, Summary judg-
ment. *Damages*, For death. *Governmental Immunity. Massachusetts Tort
Claims Act. Municipal Corporations*, Liability for tort. *Way*, Public:
defect.

At the trial of a negligence action arising out of a two-vehicle accident in
  which the plaintiff's daughter was killed, the judge did not err in permit-
  ting the plaintiff's expert witness to testify to his opinion, where the
  expert's opinion was based partly on his personal observations of the
  accident scene and examination of exhibits admitted at trial, and also
  upon facts assumed in a hypothetical question which were fully supported
  by testimony, and where any facts which the defendants claimed were
  omitted from the hypothetical question did not appear to be so significant
  that their omission made the question improper or required striking the
  answer. [752-754]
At a civil trial, the judge did not err in refusing to instruct the jury in the
  specific language requested by the defendants, where the judge's charge
  was complete and correct in its essentials. [754]
At a civil trial, the judge did not err in refusing to instruct the jury as requested
  by the defendants, where there was no evidence to which the requested
  instruction was applicable. [754-755]
Where the defendants at the trial of a civil action failed to object to the
  judge's denial of their request for a particular instruction to the jury,      ·
  they were precluded from raising the issue on appeal. [755]
In a negligence action arising out of a two-vehicle accident in which the
  plaintiff's daughter was killed, there was no abuse of discretion in the
  denial of a motion for a new trial grounded on the claim that damages
  in the amount of $300,000 were excessive. [755]
Where, in a negligence action against the driver of a truck and his employer
  arising out of a two-vehicle accident at an intersection, the defendants
  filed a third-party complaint against a town alleging that it had negligently

[1] Casoli Sand & Gravel, Inc.

designed the intersection so as to contribute to causing the accident, the defendants' third-party claim, on the record before the judge, was encompassed by the provisions of § 10 (*b*) of G. L. c. 258, the Massachusetts Tort Claims Act, exempting from liability "any claim based upon the exercise . . . [of] a discretionary function," and, consequently, the town was entitled to summary judgment in its favor. [755-757]

CIVIL ACTION commenced in the Superior Court Department on December 22, 1982.

A motion of the town of Hanover, third-party defendant, for summary judgment was heard by *William G. Young*, J. The case was tried before *Allan M. Hale*, J., and a motion for a new trial was heard by him.

*Thomas C. Cameron* for Charles R. Barnett, Jr., & another.

*Richard T. Corbett*, Town Counsel, for town of Hanover.

*Charles Mark Furcolo* for the plaintiff.

SMITH, J. Golpho Drivas brought a complaint in the Superior Court, as an individual and also as administratrix of the estate of her daughter, Joan D. Andrew. The action arose out of a two-vehicle accident, at the intersection of Circuit and Myrtle Streets in Hanover, that resulted in Andrew's death. The complaint named as defendants Charles R. Barnett, Jr., the driver of the truck involved in the accident, and his employer, Casoli Sand & Gravel, Inc. (Casoli). A year after the defendants filed their answers to the plaintiff's complaint, they brought a motion to implead the town of Hanover as a third-party defendant. A judge allowed the defendants' motion. However, after the third-party complaint had been filed, the judge granted Hanover's motion for summary judgment and entered judgment for the town.

After a trial on the plaintiff's complaint, a jury found Barnett negligent and that his negligence was the sole cause of Andrew's death. The jury assessed damages in the amount of $300,000 against both original defendants. After the verdict, the defendants filed a motion for new trial on the ground that the verdict was excessive. The motion was denied by the trial judge.

On appeal, the defendants claim that the trial judge committed error in several rulings made during the course of the trial.

They also contend that the denial of their motion for new trial was error. Finally, they argue that the motion judge erred in granting summary judgment in favor of Hanover.

I. *The Trial on the Plaintiff's Complaint.*

The defendants claim that the trial judge erred when he (1) permitted an expert witness to give opinion evidence, (2) failed to charge the jury on all the issues of material fact contested at the trial, and (3) refused to set aside the verdict as excessive. We summarize only those portions of the evidence that are relevant to our analysis of the issues raised by the defendants.

Circuit Street in Hanover is a two-lane road running east and west. Myrtle Street in the same town runs southeast and northwest and ends when it intersects Circuit Street. The intersection of Circuit and Myrtle Streets forms a "V" with an island between the two ways just before they intersect. No turn is involved for eastbound traffic on Circuit Street. Eastbound travelers planning to stay on Circuit Street at the intersection need bear only slightly to the left.

On August 12, 1982, Andrew was operating her automobile in an easterly direction on Circuit Street toward the intersection. Barnett was driving a truck in a northwesterly direction on Myrtle Street also toward the intersection. Andrew's automobile was behind a truck operated by one Clark. At the intersection, Clark put his right directional light on and proceeded to turn right onto Myrtle Street. Before Clark turned, he saw Barnett's truck approaching the intersection at about twenty to twenty-five miles per hour. The two trucks passed each other while both were on Myrtle Street.

Andrew's automobile proceeded into the intersection. As Barnett approached the intersection, his observation of eastbound traffic on Circuit Street was partially blinded by the truck driven by Clark. He did not see Andrew's automobile until he was five to ten feet from it. The truck struck the automobile on the passenger side. Andrew died of a fractured skull and a crushed chest as a result of the accident.

a. *Admission of expert testimony.* The plaintiff's theory at trial was that Barnett had been in the process of making a left turn as he entered the intersection of Circuit and Myrtle Streets,

had not yielded the right of way to Andrew, and had struck Andrew's automobile while she was lawfully driving in the right lane of Circuit Street. The defendants claimed, however, that Andrew, not Barnett, had been making a left turn on entering the intersection, that Andrew had driven her automobile into the left lane of Circuit Street although her view of the intersection had been obstructed by the truck ahead of her, that the impact occurred in the left lane of Circuit Street, and, therefore, that it was Andrew who had negligently caused the accident.

The plaintiff called as her witness an expert in accident reconstruction. His qualifications were not challenged by the defendants. He testified in response to a hypothetical question that, in his opinion, the collision occurred in the east (right) lane of Circuit Street. The defendants objected to that testimony on the ground that the facts assumed in the question were not supported in the record, and that relevant facts were omitted from the question.

It has been held that a witness who has been qualified as an expert "may base his opinion upon facts observed by himself or within his own knowledge and testified to by himself or upon facts assumed in the questions put to him and supported either by admitted facts or by the testimony of other witnesses already given or to be given at the trial, or upon facts derived partly from one source and partly from the other." *Department of Youth Servs.* v. *A Juvenile,* 398 Mass. 516, 527 (1986), quoting from *Commonwealth* v. *Russ,* 232 Mass. 58, 73 (1919). Here, the record shows that the expert's opinion was based partly on his personal observations of the accident scene and examination of exhibits admitted at trial, and also upon facts assumed in the hypothetical question. The record also demonstrates that the facts assumed in the hypothetical question were supported either by the testimony of other witnesses already given or by testimony after the expert witness had finished.

"It is not necessary that the question include all relevant facts; the effect of omission of relevant facts upon the expert's opinion may be tested on cross-examination." Liacos, Handbook of Massachusetts Evidence 115 (5th ed. 1981). See also

*M. DeMatteo Constr. Co.* v. *Daggett*, 341 Mass. 252, 261 (1960). The facts that the defendants claim were omitted do not seem to us to be so "significant that their omission from the hypothetical question made the question improper or required striking the answer." *Le Blanc* v. *Ford Motor Co.*, 346 Mass. 225, 232 (1963). There was no error.

b. *Denial of defendants' requested jury instructions.* The defendants claim that the judge erred when he failed to give three jury instructions that they had requested.

In one of their requests, the defendants asked the judge to instruct the jury that, if they found that Andrew's view of the intersection was obstructed, she had a duty to slow down and keep to the right of the center line. The judge refused to give the instruction in that form. Instead, he instructed the jury that, if they found that either operator's view of the intersection was obstructed, that operator was required to slow down and "exercise some control in entering the intersection." The defendants argue that the judge erred in not instructing the jury that an operator of a vehicle whose view is obstructed has a duty to keep to the right of the center line. We think that this matter was adequately covered in other portions of the judge's charge. A judge is under no obligation to charge the jury in the specific language requested by a party, so long as the charge is complete and correct in its essentials. *Van Dyke* v. *Bixby*, 388 Mass. 663, 670 (1983).

The defendants also requested that the judge instruct the jury that, if they found that the Andrew automobile approached or entered the intersection "before or at the same instant as the [Barnett] vehicle and that [Andrew] intended to turn left to continue on Circuit Street, . . . Andrew had the duty before turning, to yield the right-of-way to the [Barnett] vehicle, until such time as the left turn could be made with reasonable safety." The judge denied the request on the ground that the evidence showed that Circuit Street did not make a left turn at the intersection.

The judge's action was correct. The record shows that Circuit Street, at least at the intersection, was a straight road. Because there was no evidence to which the requested instruction was

applicable, it did not have to be given. *Caron* v. *Lynn Sand & Stone Co.*, 270 Mass. 340, 348 (1930).

The denials of the above two requests for instructions were made the subjects of proper objections by the defendants. They also made an additional request that the judge charge the jury, in essence, that, if the jurors found that Andrew did not have an unobstructed view for at least 400 feet before the intersection, she had a duty to keep her automobile to the right of the middle of Circuit Street. The judge denied the request. The defendants did not object to the judge's action, and that failure is fatal to their raising the issue on appeal. *Karen Constr. Co.* v. *Lizotte*, 396 Mass. 143, 149 (1985). See Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974).

c. *Denial of defendants' motion for new trial on ground verdict was excessive.* The defendants filed a motion for a new trial based on the ground that the damages awarded to the plaintiff were excessive. On appeal, "an award of damages must stand unless to make it or to permit it to stand was an abuse of discretion on the part of the court below, amounting to an error of law." *Bartley* v. *Phillips*, 317 Mass. 35, 43 (1944). "An appellate court will not find an abuse of discretion in the judge's refusal to grant a new trial on the ground of excessive damages '[u]nless the damages awarded were greatly disproportionate to the injury proven or represented a miscarriage of justice.'" *Mirageas* v. *Massachusetts Bay Transp. Authy.*, 391 Mass. 815, 822 (1984), quoting from *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 787 (1975). On the record here, there was no abuse of discretion.

## II. *The Third-Party Complaint.*

The motion judge's allowance of Hanover's motion for summary judgment came about in the following manner. After the defendants filed a motion to implead Hanover as a third-party defendant, the town responded with a document, captioned as a brief, setting forth its opposition. The brief was accompanied by supporting documents.

The judge allowed the defendants' motion to implead Hanover, and they immediately filed their third-party complaint. That complaint sought contribution from the town based

upon the allegation that the town "had negligently designed, constructed, and maintained the intersection . . . so as to cause and contribute to the accident referred to in the [plaintiff's] complaint." The judge, after reading the complaint, treated the brief of Hanover previously filed as a motion for summary judgment. He then continued the hearing for one week in order for the parties to file further documentary materials relative to the motion for summary judgment. The defendants filed a brief in opposition to the motion. Hanover supplemented its brief by filing a memorandum which raised additional grounds to support its position.

Among those grounds was the argument that the defendants' third-party complaint against the town was barred under the discretionary acts exception found in the Massachusetts Tort Claims Act. G. L. c. 258, § 10(*b*). The judge, after listening to the arguments of counsel, granted Hanover's motion for summary judgment and ordered judgment to enter in its favor.

On appeal, the defendants appear to have dropped their claim in their complaint that Hanover negligently constructed and maintained the intersection.[2] Rather, they have focused on the allegation that the town negligently designed the site of the accident. They argue that the design of an intersection does not fall within the exception to liability that G. L. c. 258, § 10(*b*), established for discretionary functions.

General Laws c. 258, § 10(*b*), inserted by St. 1978, c. 512, § 15, exempts from liability "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." The term

---

[2] The defendants argue in their brief that, "once Hanover had notice that the intersection was a source of danger, [its] failure to reduce that danger should be seen as a ministerial rather than a discretionary function." If we consider that argument to be concerned with negligent maintenance of the intersection by the town, it fails. The record does not show that the defendants presented any evidence to the motion judge by affidavit or otherwise, that the intersection was a "source of danger." See *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

"discretionary function" is left undefined in the statute, but the Supreme Judicial Court has stated that the language of *Whitney* v. *Worcester*, 373 Mass. 208 (1977), is to be used as a guide "in determining the intended scope of G. L. c. 258, § 10(*b*)." *Patrazza* v. *Commonwealth*, 398 Mass. 464, 467 (1986). In *Whitney* v. *Worcester*, it was stated that the "appropriate dividing line" from governmental immunity "falls between those functions which rest on the exercise of judgment and discretion and represent planning and policymaking and those functions which involve the implementation and execution of such governmental policy or planning." *Whitney* v. *Worcester, supra* at 217. The court then stated that, "[w]hen the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability." *Id* at 218. Also see *Patrazza* v. *Commonwealth, supra* at 467. *Irwin* v. *Ware*, 392 Mass. 745, 753 (1984). The defendants failed to respond to Hanover's motion for summary judgment with any materials whatsoever. On this record, we hold that the design of the intersection by Hanover is the type of discretionary function which G. L. c. 258, § 10(*b*), was designed to protect.

### III. *Conclusion.*

Two separate judgments were entered in this case. The judgment entered in favor of the plaintiff against the defendants is affirmed. The judgment rendered upon Hanover's motion for summary judgment is affirmed. The denial of the defendants' motion for a new trial is also affirmed.

*So ordered.*