Toomey, J.

INTRODUCTION

The estate of Edward E. Walenty and Louise Walenty (“Plaintiffs”) are suing to recover damages from the Commonwealth of Massachusetts and others (“Defendants”) for the death of Mr. Walenty. The Defendants argue that (1) the Defendants do not have the authority to install street lights on state highways, (2) *403 the Defendants have no duty to install street lights, (3) Massachusetts tort law provides immunity to the Defendants in actions which involve discretionary decisions and (4) the Defendants are not the original cause of Mr. Walenty’s death and are, therefore, immune from liability.

BACKGROUND

The undisputed material facts, when viewed in a light most favorable to the Plaintiffs, are as follows. On June 10, 1994, Mr. Walenty was struck and killed by an automobile as he was crossing Route 140, a state highway in Mendon, at 10:00 p.m. The area where Mr. Walenty was struck was not equipped with streetlights, and, on the night in question, the road was dark. The driver of the vehicle was not cited for the accident.

DISCUSSION

I. Authority of the Commonwealth

The Defendants argue that, because the Legislature has omitted to include any specific provision concerning the installation of streetlights on state highways in the Commonwealth’s grant of authority to construct and maintain state highways, the Defendants do not have the authority to erect street lighting on state roads. Massachusetts General Laws and case law, however, indicate otherwise.
It is true that the enabling statute creating the Commonwealth’s highway department, G.L.c. 81, §2, although providing the Commonwealth with the power to construct and maintain state roads, does not specifically mention the installation of streetlights for general illumination. Nevertheless, street lighting is a component of G.L.c. 81, §20A and G.L.c. 85, §2. In both of those statutes, the law refers to streetlights as a method of directing motorists or warning them of dangerous highway conditions.
Contrary to the Defendants’ contention that they lacked authority, the Supreme Judicial Court has interpreted G.L.c. 81, §20A to include the authority to install lighting to illuminate state highways. See Rufus v. Westwood Group, Inc., 420 Mass. 739 (1995). The Rufus Court held that “(the department of highways] is authorized to install lighting to illuminate state highways.” Id. at 745. In addition, we note that G.L.c. 85, §2 provides: “]n]o such signs, lights. . . . shall be erected or maintained on any state highway by any authority other than the department [of highways] except with its written approval . . .” G.L.c. 85, §2 (2000). Accordingly, this Court concludes that the Commonwealth is empowered to install street lights, except where it has expressly conferred exclusive authority upon another agency or town. No such exclusive grant appears at bar.

II. Sovereign Immunity

The Defendants also argue, more persuasively, that they are immune from this action under two separate subsections of G.L.c. 258, §10, to wit, the discretionary function provision of § 10(b) and the original source provision of §10(j). Either of those obstacles to liability effectively provides immunity to the Defendants in this action.
A. Discretion
The Defendants suggests that, if they did have the authority to install streetlights, the decision to install or not install rested wholly within their discretion. In support, the Defendants cite the Massachusetts Tort Claims Act for the proposition that the Defendants are immune from claims based on the exercise, non-exercise or imprudent exercise of their discretionaiy authority. G.L.c. 258, §10(b) (1999).
Although the discretionaiy exemption of G.L.c. 258, § 10(b) is predated by Whitney v. City of Worcester, that case is helpful to our analysis in that it sets out guidelines for the determination of whether statutory power is, in fact, discretionaiy. See Whitney v. City of Worcester, 373 Mass. 208 (1977). In Whitney, the Court defined discretionary acts as those that involve weighing alternatives and making choices with respect to public policy and planning. See id. at 216. The Court also listed criteria that should be considered on a case-by-case basis in order to determine whether an act was “discretionaiy”:
Was the injuiy producing conduct an integral part of governmental policymaking or planning? Might the imposition of tort liability jeopardize the quality and efficiency of the governmental process? Could a judge or juiy review the conduct in question without usurping the power and responsibility of the legislative or executive branches?
Id. at 219.
In a more recent decision, the Supreme Judicial Court established a two prong test to determine whether a claim is foreclosed by the discretionary function exception. According to Harry Stoller and Co. Inc. v. City of Lowell, 412 Mass. 139, 141 (1992), there must be a grant of discretion and the discretion must be of the type for which § 10(b) provides immunity.
First, although the Commonwealth has the authority to install streetlights on state highways, the statutes nevertheless provide the Commonwealth’s highway department with discretion as to whether or not to exercise that authority. See G.L.c. 81, §20A (2000) which recites:
The department may illuminate, or cause to be illuminated, by means of highway lighting, traffic circles, traffic underpasses, traffic overpasses, traffic islands and other locations in the state highways wherever, in its opinion, such illumination is necessary for the safety of the traveling public.
The use of the word “may” and of the phrase “in its opinion” clearly grant to the Commonwealth’s highway department discretion to decide where lights are needed.
*404 The second prong of the Stoller test requires a determination of whether the discretion is of a type for which the statute provides immunity. Stoller, 412 Mass, at 141. Whitney suggests that the discretionary exemption should be reserved for instances in which alternatives need to be weighed and circumstances in which a judicial decision directing action would undermine the legislative process or have a disparate impact on government. Whitney, 373 Mass, at 218-19. The siting of highway lighting is surely an integral part of policymaking, and a judicial determination mandating the Defendants to install highway lighting at certain loci on state roads would circumvent the legislative and executive process and engage in judicial policy making, at significant taxpayer expense. Under the Whitney criteria, therefore, the discretionary installation of highway lighting is indeed a type of discretionary function immunity for which §10B provides immunity. Id. at 217-19. The two components of the Stoller test would appear to be satisfied at bar.
The Plaintiffs maintain, however, that, because the highway department had established guidelines for the installation of streetlights, any discretion the highway department enjoyed was eradicated by the policy embodied in the guidelines. The Plaintiffs cite Sanker v. Town of Orleans, 27 Mass.App.Ct. 410 (1989), in support, but the reference does not aid their cause.
In Sanker, a motorcyclist struck an overhanging tree branch, lost control of his vehicle, hit a utility pole on the roadside and died from his injuries. The Appeals Court held that the placement of utility poles and the design of public roads are discretionary, but routine road maintenance, an exercise not commonly subject to policy and planning, is not sheltered under the discretionary function. Id. at 412, 413. The Court also observed that, while liability occasioned by the carrying out of previously established policies and municipal negligence is not sheltered by G.L.c. 258, §10(b), the "canying out” exception to the discretionary function rule of immunity exists, not to force the Commonwealth to construct or maintain roads in a specific way, but to remove immunity from liability for injuries that occur in those limited circumstances when common sense standards apply and are ignored by the government. Id. at 413.
The Defendants correctly respond that the mere existence of a general policy does not remove discretion from the highway department with respect to the placing of streetlights. Patrazza v. Commonwealth, 398 Mass. 464 (1986). In Patrazza, the exposed end of a guardrail caused a death. Id. at 465. Guidelines adopted by the highway department prescribed that all guardrail ends were to be buried. Id. at 468. The Supreme Judicial Court affirmed the trial court’s decision that the design and construction of guardrails was discretionary and thus sheltered the Commonwealth, by the discretionary function rule, from liability. Id. at 470. Patrazza concluded that the decision to adopt the guidelines was itself discretionary, and whether the policy choice embodied in the guidelines was an abuse of discretion or executed improperly was irrelevant. See id. at 470. Similarly, the guidelines at bar, established by the highway department for installing highway lighting, are discretionary and governmental compliance with such guidelines is of no consequence' to the question of liability.
In sum, the placement of streetlights is not an element of post-policy roadway maintenance, but rather is an exercise in policy making, and is, therefore, a discretionary function. The creation of guidelines for streetlight placement is an exercise of the highway department’s discretion, and whether there was compliance with the policy choices represented by the guidelines is immaterial. The Defendants are sheltered, under the discretionary function exception, from liability for the siting of highway lights.
B. Original Source
The Defendants also maintain that they are immune from liability in this action because, under the third-party negligence rule of G.L.c. 258, §10(j), the Defendants are shielded against a claim that they, failed to prevent the darkness which ultimately led to Mr. Walenty’s death. G.L.c. 258, §10(j) exempts the government from any liability “based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not ordinarily caused by the public employer or any other person acting on behalf of the public employer.” G.L.c. 258, §10(j) (2000). That statutory exemption is sometimes described as the “original source rule” because it recognizes that, if a non-governmental source is the proximate occasion of the injury, §10(j) provides immunity to the governmental defendant.
The Supreme Judicial Court recently addressed the reach of §10(j) in Brum v. Town of Dartmouth, 428 Mass. 684 (1999). In Brum, the plaintiffs son was murdered in school by youths who had been involved in a prior violent incident with the decedent. Id. at 686. The Court affirmed summary judgment for the defendant school district, holding that the failure to prevent a dangerous “condition leading to a harmful consequence” cannot, under the statute, be grounds for governmental liability. Id. at 693. The Brum opinion rested upon the distinction between causing a dangerous condition and failing to prevent a dangerous condition, finding that the latter is protected by § 10(j). Id. at 693.
Similarly, the Plaintiffs argue, the Defendants’ failure to ameliorate the darkness by appropriately siting highway lights created a dangerous condition and thus exposed Defendants to tort liability. According to Brum, however, the Defendants are immune from liability because their failing, if any, was their omission to remedy a condition which ultimately led to the *405 collision and death of Mr. Walenty at the hands of the original source, the operator of the motor vehicle.

CONCLUSION

Although the Defendants do have the authority to install streetlights on state roads, they have discretion as to where those lights should be installed and, therefore, are immune from liability on this claim under the discretionary function exception. G.L.c. 258, § 10(b) (1999). Additionally, the Defendants are exempt from liability because they failed to prevent a dangerous condition that lead to an injury caused by a third party — a claim which is barred under the third party rule. G.L.c. 258, §10(j) (2000). For the foregoing reasons, the Defendants’ Motion for Summary Judgment is ALLOWED.