Connor, John P., J.
The plaintiff, Vincent Spignola (the “plaintiff’), filed an action for negligence against the defendant, City of Leominster (the “defendant”). The matter before this court is the defendant’s Motion for Summary Judgment. For the reasons discussed below, the defendant’s motion is ALLOWED.

BACKGROUND

The plaintiff owned and currently owns property at 534 Merriam Avenue, Leominster, Massachusetts (the “premises”). He has been employed as a design engineer, a teacher, and a licensed gun dealer. The plaintiff had hired a plumber to install a clapper valve in his basement some twenty-five years prior to the June 2001 incident. The purpose of the clapper valve was to prevent water and sewage backflow into his basement.
On or about June 16, 2001 and again on or about September 25,2001, water, sewage, and leaves seeped into the plaintiffs basement, causing damage to real and personal property. The plaintiff was in New York when the flooding occurred in June 2001. When he returned home, he observed flooding in his basement and attributed the flooding to the pressure in the municipal sewerage system causing the clapper valve in his basement to “blow” which permitted regurgitation of raw sewerage through his basement toilet.
On February 6, 2002, the plaintiff attended a town meeting where he learned that the city had rerouted a sewer main from nearby Lindel Avenue in Leominster to Merriam Avenue in June 2001. Based on information he obtained at that meeting, the plaintiff alleged that the City of Leominster negligently designed the sewer system which was the cause of his property damage, specifically, that the sewer main is too small and inadequate.[2]

DISCUSSION

Summary judgment is appropriate when the moving party shows that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983). .When evaluating a summary judgment motion, the court looks at the evidence in the light most favorable to the non-moving party. See Mass.R.Civ.P. 56(c); O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000). The moving party bears the burden of establishing the absence of a triable issue. Pedersen v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party satisfies this burden by setting forth affirmative evidence negating an essential element of the opposing party’s case, Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991), or demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Tambello v. Town of West Boylston, 34 Mass.App.Ct. 526, 530 (1993). Once the moving party meets this burden, the burden shifts to the non-moving party to allege specific facts establishing the existence of a general issue or issues of material facts. Godboutv. Cousens, 396 Mass. 254, 261 (1985). If the plaintiff is unable to present sufficient evidence to establish all elements of his claim, summaiyjudgment must be granted.
The Massachusetts Torts Claims Act (the “Act”) allows those with valid claims in tort to recover against governmental entities. Lawrence v. City of Cambridge, 422 Mass. 406, 408 (1996). The Act, however, does not apply to claims based upon the exercise or performance or the failure to exercise or perform a discretionary function. G.L.c. 258, §10(b). Discretionaiy functions involve planning or policy-making, Tyron v. Lowell 27 Mass.App.Ct. (1991), and administrative determinations of plans, specifications, or schedules of operations, Patrazza v. Commonwealth 398 Mass. 464, 468-69 (1986). Whether an action is discretionary within the meaning of § 10(b) of the Act is determined on a case-by-case basis. Dobos v. Driscoll 404 Mass. 634, 651 (1989).
Prior to the Act’s enactment, Massachusetts deci-sional law held that municipalities are liable for damages which accrue to individuals through negligence in construction, maintenance, or operation of its system of sewers but not liable for any defect or inadequacy in the plan of its sewers. Lobster Pot of Lowell v. City of Lowell, 333 Mass. 31, 33 (1955). Sec Whitney v. City of Worcester, 373 Mass. 208, 217 (1977) (distinguishing design from construction and maintenance as explained in Lobster Pot of Lowell). Similarly, decisions subsequent to the Act’s enactment have held that designs by municipalities are discretionary functions. See Patrazza, 398 Mass. at 469-70 (1986) (design of guardrail on state highway are discretionary function); Sanker v. Town of Orleans, 27 Mass.App.Ct. *498 410, 412 (1989) (design of road and location of utility pole are discretionary functions but not maintenance); Drivas v. Barnett, 24 Mass.App.Ct. 750, 757 (1987) (design of roadway intersection discretionary).
In the present matter, the plaintiff contends, based in part on his engineering background and from information he received at a town meeting, that the defendant was negligent in its sewer design by using a conduit that was too small such that it increased the pressure in the sewer. The increased pressure, he alleges, caused the clapper valve to “blow,” flooding his basement. The plaintiff cannot prevail under a theory of negligent design by the defendant because the Act provides a valid immunity defense if the defendant’s design caused the plaintiffs damage. Even taking the facts in the light most favorable to the plaintiff, he cannot prove an essential element of his claim because he has produced no evidence to substantiate his theory or alleged specific facts to support his claim. Accordingly, the defendant is entitled to summary judgment as a matter of law.

ORDER

For the foregoing reasons, the defendant’s Motion for Summary Judgment is ALLOWED.

The plaintiffs complaint alleges negligent maintenance of the sewer (Count I) by the defendant. He concedes in his oral argument, as supported by his deposition that the defendant was negligent in its design of the sewer, namely the new main allegedly installed in June 2001 was too small. The plaintiff offered no evidence to support his claim.