The city of Worcester appeals, under the doctrine of present execution,[4] from the denial of its motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).[5] The city raises two primary issues on appeal: (1) the plaintiffs' exclusive remedy for injury due to defects on a public way is G. L. c. 84 and the claims are barred under that statute because they were not timely presented and, in the alternative, (2) the city is immune from the plaintiffs' wrongful death claims under G. L. c. 258, § 10(b ) (discretional function) and 10(j ) (original cause). Our de novo review leads us to affirm for essentially the reasons given by the motion judge in his detailed and thoughtful memorandum.[6] See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011),
The city's argument that, because the suit alleges a defect on a public way, the plaintiff's exclusive remedy lies under G. L. c. 84, § 15, is defeated by Gallant v. Worcester, 383 Mass. 707, 714 (1981), where the Supreme Judicial Court held that wrongful death claims are not constrained by G. L. c. 84. Here, the complaint alleges that the decedent died after being struck by an automobile when she was crossing a road that was inadequately marked. In other words, it is a wrongful death suit; accordingly, it is unrestricted by G. L. c. 84.
In the alternative, the city argues that, even accepting that the plaintiffs' claim is unconstrained by G. L. c. 84, the city is immune from liability under G. L. c. 258, § 10(b ) and (j ). We discuss each subsection in turn.
Section 10(b ) immunizes the discretionary functions of government. We use a two-part test to determine whether the city is entitled to this form of immunity. "[W]e ask first 'whether the governmental actor had any discretion at all as to what course of conduct to follow.... All the first step involves is a determination whether the actor had any discretion to do or not to do what the plaintiff claims caused him harm." Barnett v. Lynn, 433 Mass. 662, 663-664 (2001), quoting from Harry Stoller & Co. v. Lowell, 412 Mass. 139, 141 (1992). "If the Commonwealth had no discretion because a course of action was prescribed by a statute, regulation, or established agency practice, then the discretionary function exception does not apply." Fortenbacher v. Commonwealth, 72 Mass. App. Ct. 82, 87 (2008). The second step "is to determine whether the discretion that the actor had is that kind of discretion for which § 10(b ) provides immunity from liability." Barnett, supra at 664, quoting from Harry Stoller & Co., supra. "Generally, such discretionary conduct is 'characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning.' " Barnett, supra, quoting from Patrazza v. Commonwealth, 398 Mass. 464, 467 (1986). "Where there is room for policy judgment and decision there is discretion." Barnett, supra, quoting from Patrazza, supra at 469. "Discretionary acts, however, do not include those involving the 'carrying out of previously established policies or plans.' " Barnett, supra, quoting from Whitney v. Worcester, 373 Mass. 208, 218 (1977).
As noted above, a motion under rule 12(b)(6) is aimed at examining the sufficiency of the well-pleaded allegations of the complaint, which are to be read liberally and taken as true. Read and accepted in that light, the motion judge properly denied the city's motion to dismiss. The complaint alleges that the city failed to supervise its contractor, failed to meet the standard of "good practice" and the "express terms of the project contract to ensure the safety of members of the public," and was "bound by the requirements of the Manual on Uniform Traffic Control Devices ('MUTCD') to plan for, execute, and monitor all aspects of work zone traffic and pedestrian safety."[7] Neither the contours of these various alleged obligations nor the manner in which the city exercised them can be determined in the city's favor from the allegations of the complaint. We thus agree with the motion judge that the city at this time was not entitled to discretionary function immunity as a matter of law based on the allegations of the complaint.
Because the complaint alleges that the decedent was struck and killed by a motorist, the city further relies on § 10(j ), which bars "any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer." G. L. c. 258, § 10(j ), inserted by St. 1993, c. 495, § 57. Although it is true that the complaint alleges that the decedent was struck by a third party, her estate's claim against the city is based on the failure to supervise its construction contractor such that the road was adequately marked and safe for pedestrian passage. As such, it falls within the § 10(j )(3) exception for claims "based on negligent maintenance of public property." G. L. c. 258, § 10(j )(3). The city has the duty to maintain the road "in the same manner and to the same extent as a private individual under like circumstances." G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15. Because the city, as owner of the road, has a duty to maintain it and its contractor, acting under its supervision and pursuant to its contract, is alleged to have failed to do so, the complaint falls within the § 10(j )(3) exception.
For the reasons set forth above, the order denying the motion to dismiss is affirmed.
So ordered.
Affirmed.

"[A]n order denying a motion to dismiss based on immunity from suit [such as the underlying order here] enjoys the benefit of the present execution rule because it is a final order that meets the criteria for immediate appeal." Kent v. Commonwealth, 437 Mass. 312, 316 (2002).

The complaint, which alleges wrongful death claims against the city, also names as defendants Joyce M. Annetts, Ann L. Parkinson, and J.H. Lynch & Sons, Inc., alleging wrongful death claims against each one.

In reviewing the denial of a motion to dismiss, we "accept[ ] as true the factual allegations of the complaint, and supporting inferences that may be drawn from those alleged facts," Boxford v. Massachusetts Highway Dept., 458 Mass. 596, 598 (2010), to determine whether they fail "to state a claim upon which relief can be granted."Mass.R.Civ.P. 12(b)(6). "What is required at the pleading stage are factual 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1966 (2007).

The plaintiffs contend that the MUTCD "is the national standard for all traffic control devices" and that it "has been incorporated by reference into the Massachusetts Code of Regulations," citing 701 Code Mass. Regs. 7.02 and 7.03 and 720 Code Mass. Regs. 13.04 as examples. The provisions of the MUTCD, however, were not set out in the complaint, nor was the MUTCD attached to the complaint. Its requirements-whatever they might be and however they might apply to this case-could not be determined within the construct of rule 12(b)(6).