This is an appeal by the plaintiff, Deidre Dailey, from a separate and final judgment of the Superior Court for the defendant, Michael A. Burt, following a trial in which the jury answered a special question and found that Burt was not negligent. The plaintiff also appeals from the denial of her motion for new trial. The case arose after a collision between a vehicle operated by the plaintiff and a vehicle operated by Burt as it backed out of a residential driveway.
The plaintiff raises two issues. First, the plaintiff contends that the judge erred in declining to admit in evidence a publication of the Registry of Motor Vehicles (RMV) entitled "Driver's Manual" (manual). The manual contains a "Dear Motorist" letter from the Registrar of Motor Vehicles that states in part, "Please read the rules of the road we have included to prepare for your road test and a lifetime of safe driving, cycling, and walking." In particular, the plaintiff was interested in directing the jury's attention to a statement in the manual as follows: "When entering a paved thoroughfare from a private road, a driveway, or an unpaved road, you must stop. You must then give the right-of-way to pedestrians, bicyclists, or vehicles on the road you are entering." Second, the plaintiff contends that the judge erred when he declined to instruct the jury using the statement just quoted from the manual.
The judge did not err in declining to admit the manual in evidence. The plaintiff was not able to direct the judge's attention to a statute, regulation, or any decisional law that makes the manual admissible in evidence, and we are not aware of any such authority. As the defendant points out, the manual states, "While it contains a great deal of information about RMV policies and state laws, it is important to note that this is not a legal document" (emphasis in original). Administrative guidance of this nature is not included in the legal documents that are subject to judicial notice. See Mass. G. Evid. § 202 (2018).
With regard to the plaintiff's requested instruction, it is sufficient to note that the judge instructed the jury on the elements of negligence. As for the element of duty, the judge instructed that an operator of a motor vehicle "owes a duty to exercise reasonable care at all times to avoid a collision," and "a duty to keep a proper lookout and make reasonable observations as to traffic and other conditions." The judge gave the jury a standard instruction on the breach of the duty of care (or negligence) adding that the degree of care owed to another increases "with the likelihood and severity of threatened harm," and that in considering whether the defendant was negligent, the jury could consider "the degree and obviousness of the risk involved, the likelihood of injury to others, the seriousness of the injury, and the time, manner and place involved." Here, the judge fulfilled his duty to instruct the jury on the applicable law in a manner to enable them to decide the essential issue in the case. The judge was not obliged to instruct the jury in the precise words recommended by the plaintiff even if they are a correct statement of the law. Compare Hopkins v. Medeiros, 48 Mass. App. Ct. 600, 614 (2000), quoting Drivas v. Barnett, 24 Mass. App. Ct. 750, 754 (1987) ("A judge is under no obligation to charge the jury in the specific language requested by a party ...). Because the plaintiff's argument concerning the denial of her motion for new trial is based solely on the same claim regarding her requested jury instruction, the judge did not abuse his discretion in denying relief.
Judgment affirmed.
Order denying motion for new trial affirmed.