ORSON ROTHKOPF & another[1] *vs.* KATHLEEN WILLIAMS.

No. 99-P-1863.

Berkshire. January 15, 2002. - June 21, 2002.

Present: JACOBS, GILLERMAN, & McHUGH, JJ.

*Practice, Civil,* Audio-visual deposition, Failure to make objection, Waiver. *Rules of Civil Procedure. Waiver. Witness,* Physician, Expert.

During the jury's viewing of the videotaped deposition testimony of the plaintiff's treating physician at the trial of a negligence action arising out of an automobile accident, the judge erred by stopping the videotape and, sua sponte, ordering that the remaining portion of the testimony be excluded from evidence, based on the plaintiff's lack of compliance with the provisions of Mass.R.Civ.P. 30A(m)(2) (i.e, failure to file a written report), where the defendant, by failing to object to the lack of the written report either at the deposition or prior to trial, had waived any objection thereto; where the error resulted in the jury's hearing the physician's testimony regarding the plaintiff's numerous ailments, but not hearing the physician's opinion testimony that the ailments had had no effect on the plaintiff's ability to operate his vehicle, and where the defendant's counsel exploited the lack of such evidence in closing, the error was prejudicial and entitled the plaintiff to a new trial. [297-299]
At the trial of a negligence action arising out of an automobile accident, the judge did not err in admitting in evidence the opinion of the defendant's reconstruction expert. [299]

CIVIL ACTION commenced in the Superior Court Department on January 23, 1997.

The case was tried before *Thomas J. Curley, Jr.,* J.

*Edward M. Pikula* for the plaintiffs.

*Michael K. Manning* for the defendant.

GILLERMAN, J. The plaintiffs, Orson Rothkopf (Rothkopf) and Dianne Rothkopf, brought this action against the defendant, alleging negligence and loss of consortium arising out of an automobile accident on September 28, 1995, at approximately

---

[1]Dianne Rothkopf.

9:00 A.M. After a nine-day jury trial in the Superior Court, the jury, having deliberated thirty minutes, found that the defendant was not negligent. Judgment was entered for the defendant on February 10, 1999. The plaintiffs filed a motion for a new trial that was denied by the trial judge on February 23, 1999.

On appeal, the plaintiffs contend that the trial judge erred in making a critical evidentiary ruling, as a result of which the substantial rights of the plaintiffs were adversely affected. See Mass.R.Civ.P. 61, 365 Mass. 829 (1974). We reverse the judgment and remand the case for further proceedings consistent with this opinion.[2]

*Facts.* In brief, the defendant drove to the end of her driveway on Algerie Road in Otis, Massachusetts, put a letter in the mailbox and then proceeded to cross the southbound lane of Algerie Road and thence into the northbound lane. Rothkopf, meanwhile, was operating his motor vehicle in the southbound lane of Algerie Road. When Rothkopf appeared over the crest of a hill, he was headed toward the defendant's vehicle, which had not entirely completed crossing the southbound lane.

Rothkopf swerved to his right, went off the pavement, on to the shoulder and through the guardrails. Rothkopf's vehicle then flipped over, finally coming to rest on its roof. The two vehicles passed each other without contact. Rothkopf sustained serious personal injuries in the accident, resulting in disfigurement and loss of use of his left arm.

The position of the defendant's vehicle when Rothkopf appeared over the top of the hill was in dispute. The defendant's reconstruction expert put Rothkopf's speed when he first applied the brakes at a "[m]inimum of 76 miles per hour"; the plaintiffs' expert put Rothkopf's speed at "[b]etween 49 and 52 miles per hour."

*Audio-visual deposition testimony.* Prior to trial, the defendant gave notice of her intention to offer the medical records of

---

[2] The plaintiffs also contend that the trial judge's order of February 23, 1999, denying their motion for a new trial, was erroneous. This order was not listed as an issue on their notice of appeal in accordance with Mass.R.A.P. 3(c), as amended, 378 Mass. 927 (1979), and therefore the order is not before us for decision. See *Siles* v. *Travenol Labs., Inc.*, 13 Mass. App. Ct. 354, 354 n.1 (1982).

Rothkopf's treating physicians relating to the diagnosis and treatment of the plaintiff that predated the accident, allegedly showing a history of Crohn's disease, osteoporosis of the right hip and use of prednisone for treatment.[3] See G. L. c. 233, § 79G. Affidavits of compliance with § 79G subsequently were filed. In response to the defendant's notice, the plaintiffs served notice of their intent to take audio-visual depositions of Rothkopf's three treating physicians pursuant to Mass.R.Civ.P. 30A, as amended, 406 Mass. 1403 (1990), to be used at trial in lieu of oral testimony.

During the audio-visual depositions, each physician discussed Rothkopf's condition and treatment, and in response to appropriately phrased hypothetical questions posed by the plaintiffs, each physician, over the defendant's objection, opined that Rothkopf's medical conditions would not have affected his reaction time under the circumstances of the accident.

At trial, when the plaintiffs offered the videotaped deposition testimony of the first physician in evidence, the defendant again objected to the physician's answer to the hypothetical question on the ground that the treating physician had not been designated an expert. The judge reviewed Mass.R.Civ.P. 30A(m)(1), as amended, 406 Mass. 1403 (1990), which states, in relevant part, that a treating physician "will be questioned about . . . [the patient's] treatment and matters related thereto."[4] After observing that "you virtually can't examine a treating physician without getting into areas of expert testimony," the judge ruled that the answer to the hypothetical question was admissible.

Approximately twenty minutes after the videotape of the

---

[3]At trial, the plaintiffs filed a motion to exclude the evidence of the prior medical treatment, arguing that it was an attempt by the defendant to confuse or distract the jury from the actual facts of the case. The trial judge denied the motion.

[4]Rule 30A(m)(1) draws a distinction between a "treating physician" and an "expert." Under subparagraph (m)(1), a "treating physician" is a physician who has "provided medical treatment to a party or other person involved in the lawsuit . . . and who will be questioned about such treatment and matters related thereto." Mass.R.Civ.P. 30A(m)(1), as amended, 406 Mass. 1403 (1990). An "expert witness" is "a person qualified as an expert by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise." *Ibid.*

deposition of the physicians had begun, but before the hypothetical question was heard by the jury, the trial judge, sua sponte, stopped the videotape and excused the jury from the court room. The trial judge, citing the plaintiffs' failure to file the report required by rule 30A(m)(2),[5] reversed his former ruling, and ordered that the portion of the doctor's testimony that responded to the plaintiffs' hypothetical question be excluded from evidence. The plaintiffs objected to the ruling.

The plaintiffs did not provide the defendant with the written report required by rule 30A(m)(2). However, the defendant was then required, under rule 30A(m)(4), to object at the deposition, and to file such objections with the trial judge no later than twenty-one days before the commencement of the trial. "Objections not so submitted shall be deemed waived." Mass.R.Civ.P. 30A(m)(4), as amended, 406 Mass. 1404 (1990). The defendant made no objection to the absence of the required written report.

There may be an interpretive difficulty regarding rule 30A(m)(2), see note 5, *supra,* arising out of the fact that the phrase "in the case of a treating physician" is preceded by the word "and," creating the possible construction of the word "and" to mean "furthermore," with the effect that the treating physician must, in her report, provide only a description of the litigant's treatment and costs rather than all the matters referred to in rule 26(b)(4)(A)(i). However, the Reporters' Notes to rule 30A suggest that a treating physician's report should contain the litigant's treatment and costs as well as the matters called for by rule 26(b)(4)(A)(i), the purpose being to "eliminate disputes over the boundary between fact and opinion." Reporters' Notes to Mass.R.Civ.P. 30A, 43A Mass. Gen. Laws Ann., Rules of Civil Procedure at 328 (West 2002).

We need not decide the question, for the matter at hand is

---

[5] Rule 30A(m)(2) requires that thirty days before service of a notice of an audio-visual expert witness deposition, a written report of the expert witness must be furnished to all parties covering the subjects described in Mass.R. Civ.P. 26(b)(4)(A)(i), 365 Mass. 772 (1974) (viz., "the subject matter on which the expert is expected to testify, and . . . the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion"), "and, in the case of a treating physician, a description of the treatment and its costs." Mass.R.Civ.P. 30A(m)(2), as amended, 406 Mass. 1403 (1990).

resolved by the unambiguous provisions of rule 30A(m)(4), which provide, in part, "[i]f any party . . . has any objections to such deposition which would otherwise be made at trial . . . such objections shall be filed with the trial judge . . . no later than twenty-one (21) days before the commencement of the trial. Objections not so submitted *shall be deemed waived* . . . . The judge shall rule on the objections prior to the commencement of trial . . . . The editing [of the video or audiotape] shall reflect the rulings of the judge." Mass.R.Civ.P. 30(m)(4), as amended, 406 Mass. 1404-1405 (1990) (emphasis added).

We find nothing in the record that records the filing of objections by the defendant twenty-one days prior to the commencement of the trial, and the defendant makes no such contention in her brief. By failing to file the defendant's objections prior to trial, the defendant created the very problem rule 30A(m)(4) was designed to prevent: a decision by the judge during the course of the jury's viewing of the videotaped deposition that the videotape should not continue, with the result that only a portion of the videotaped deposition would have been heard by the jury. So it was here. Unaware, apparently, of the provisions of rule 30A(m)(4), the judge, instead of rejecting the defendant's objections out of hand as having been waived, interrupted the viewing to consider the rule further, and then decided that because the plaintiffs had failed to file the required report, he would terminate the viewing.

This left the jury with having heard the details given by Rothkopf's own physician of the numerous physical ailments to which the plaintiff was subject and for which he was being treated. They were deprived, however, of hearing the same physician's opinion testimony that those ailments had no effect on Rothkopf's ability to respond appropriately to the emergency presented by the defendant's vehicle.

This truncated deposition was effectively used by the defendant's counsel in his closing argument. Counsel introduced the subject with the comment that "I don't think there's any question . . . after you've heard that testimony and you see those exhibits, that the suggestion cannot be made fairly and

completely that Mr. Rothkopf had physical limitations." There followed a detailed description of the physical limitations imposed by Rothkopf's medical problems, concluding with the statement that the defendant "is entitled . . . to present that sort of evidence to you and to ask you to consider it."

The point need not be belabored. The defendant's failure to object at the deposition and to present those objections to the judge prior to the trial as required by rule 30A(m)(4), and the judge's failure to recognize that error, together with the ensuing exploitation of the judge's erroneous ruling in the defendant's summation, worked substantial prejudice to the plaintiffs' right to a fair trial. The plaintiffs are entitled to a new trial.[6]

We comment briefly on a matter likely to arise at any retrial of the case. There was no error in the judge's decision to admit the opinion of the defendant's expert witness. The reconstruction expert based his opinion not solely on the accident report, but also on testimony of witnesses and certain other exhibits admitted at trial, as well as his own personal observations, calculations, and measurements of the accident scene. See *Drivas* v. *Barnett*, 24 Mass. App. Ct. 750, 753 (1987). Indeed, the expert adjusted two primary calculations found in Trooper O'Neill's report, one of which, had it been accepted by the expert, would have resulted in a reduced calculation of the speed of Rothkopf's vehicle. The plaintiff's argument regarding the reliability of the expert's opinion goes to the weight of the evidence, not its admissibility. See *Sacco* v. *Roupenian*, 409 Mass. 25, 29-30 (1990) (challenges to expert opinion that may affect the weight of the testimony should be brought to the jury's attention during cross-examination).

For the reasons stated above, the judgment is reversed, the

---

[6]The defendant makes no argument that the jury's answer to the special verdict question — that the defendant was not negligent — permits the inference that the jury did not reach the question of the plaintiff's contributory negligence and for that reason the plaintiff was not prejudiced by the exclusion of the physicians' testimony to the effect that the plaintiff's condition would not have affected his reaction time. We decline to comment on the persuasiveness of that hypothetical line of analysis, but we note its absence from the arguments only for the sake of completeness.

verdict set aside, and the case remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*